37327. ROBERTS *v.* GRAHAM, Guardian.

DECIDED SEPTEMBER 24, 1958—REHEARING DENIED OCTOBER 9, 1958.

*W. George Thomas,* for plaintiff in error.

*Adams, O'Neal & Steele, H. T. O'Neal, Jr.,* contra.

QUILLIAN, Judge. The defendant in the trial court, plaintiff in error here, contends that she was not a tenant of the children in whose behalf the dispossessory warrant proceedings were insti-

tuted and that she was entitled to possession of the premises when the warrant issued. If the evidence submitted upon the trial made an issue as to whether either of these contentions was correct, the trial judge erred in finding against her.

Nothing is better settled than that the existence of the relationship of landlord and tenant is essential to the employment of dispossessory warrant proceedings to oust another from the occupancy of real estate. *Price* v. *Bloodworth,* 55 *Ga. App.* 268 (189 S. E. 925). ,Where the parties at the time the demand for the possession is made are tenants in common, one having title and the other the right to occupy a part of the premises, as in the case of *Marshall* v. *Cozart,* 94 *Ga. App.* 614 (95 S. E. 2d 729), neither of the tenants in common can legally obtain a dispossessory warrant for the removal of the other.

The solution of the issues made by the defendant's contentions depends upon the construction of the contract and deed set out in the foregoing statement of fact, both of which were sustained by the decree of the superior court judge.

The deed conveyed the title to the house and lot to the children. The contract vested in the defendant in the present case a usufruct, the right to occupy and use the house and lot as a dwelling. The limitation placed by the contract was that her use of the house for the purpose of a dwelling was to be enjoyed jointly with the children. The relationship of the children and the defendant was then tenants in common of the house and lot.

The contract did not give the defendant the right to occupy the house and lot to the exclusion of the children or under such circumstances that the joint occupancy by her and the children could not be reasonably maintained. The children were by the decree in the divorce case placed in the defendant's custody. It was obviously the intention of the parties to the contract that the house and lot serve as a dwelling for the defendant and the children while she had custody of them. By the judgment of a court of competent jurisdiction, the children were taken from the defendant's custody and placed in the custody of their father. The contract did not contemplate and it was not the intention of the parties to the same that the defendant occupy the house and lot to the exclusion of the children.

The record shows that the children are of tender years and that the defendant had married another man after obtaining a divorce from their father, with whom she was living in the house.

The defendant could not require the children to dwell in the house with her, and the conditions under which she had the right to occupy the same ceased. The title was still in the children. The plaintiff insists the defendant was a tenant at will under the definition of Code § 61-104.

In these circumstances the demand for possession of the premises ordinarily necessary under Code § 61-301 to the institution of dispossessory warrant proceedings was given.

We are constrained to hold that when the demand was made the defendant had ceased to be a tenant in common with the children and occupied the relationship to them of landlord and tenant.

The evidence adduced upon the trial, considered together with the defendant's counter-affidavit, demanded the finding of the trial judge.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*