## 33861. ADAMS v. WRIGHT et al.

UNDERCOFLER, Presiding Justice.

Marsha Adams appeals the grant of summary judgment against her on the equitable defenses she raised in a dispossessory suit brought by Ernest Wright. In 1974, Marsha's husband Ronnie had sold the house in question to Wright by warranty deed and had at the same time contracted for an option to repurchase the property at a stated price within two years. Meanwhile he was to pay rent to Wright. Marsha and Ronnie were divorced in 1975, before the option expired. In his divorce petition, Ronnie alleged he owned the house and a settlement was reached whereby she and their child, age five, would occupy the home until the child reached majority, when it would be sold. Meanwhile Ronnie was to convey a one-half interest in the property to Marsha. The Adams did not make all the rental payments and never exercised the option. Wright sued to regain possession and Marsha defended on the grounds of equitable trust and the absence of a landlord-tenant relationship. The court granted Wright's motion for summary judgment on these defenses and issued a writ of possession. We affirm.

Marsha Adams had set forth no facts in her pleadings or affidavit in opposition to Wright's motion for summary judgment which would entitle her to relief against Wright. Her remedy, if any, must be against her ex-husband through whom she claims the property. See *Roberts v. Graham,* 98 Ga. App. 309 (105 SE2d 801) (1958).

Marsha Adams also raises a procedural defect in that the summons she received ordered her to appear and answer at ten o'clock a.m. on the last day to file an answer whereas she should have had the benefit of doing so until midnight. Code Ann. § 61-302 (b). While we agree with the statement in Marsha Adams' brief that this "may be the smallest of all legal nits," we fail to see how, since her defenses have been considered on the merits, she has been harmed. We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 28, 1978 — DECIDED SEPTEMBER 27, 1978 —

*Albert B. Wallace,* for appellant.
*McAllister & Roberts, J. Dunham McAllister, Martin L. Cowen, III,* for appellees.