## 63226. SMITH v. HENDRIX.

POPE, Judge.

This case arose when appellee Hendrix, resident manager and agent for Morris Heights Apartments, swore out a dispossessory warrant against appellant tenant, Denise Smith. Appellant filed her answer and moved for summary judgment, which was denied. The merits of the case were tried before a jury, which returned a verdict in favor of appellee.[1] Appellant brings this appeal and enumerates as error the trial court's (1) denial of her motion for summary judgment, (2) denial of her motions for directed verdict, (3) failure to give certain requests to charge, and (4) entering judgment and issuing a writ of possession in favor of appellee.

[1] Appellant still occupies the apartment in issue pending final resolution of this litigation. See generally Code Ann. Ch. 61-3.

Appellee sought to evict appellant for her alleged breach of the terms of the lease. The record shows that as the result of an inspection of appellant's apartment conducted on December 9, 1980, appellant was notified by letter dated December 24, 1980 that she was considered to be in violation of the lease, which required that the apartment be kept in a clean and sanitary condition. This letter notified her that her apartment would be inspected again in the next two to three weeks to determine whether appropriate improvements had been made. The letter concluded, "If the apartment is not found to be in acceptable condition, you will be given notice to vacate the premises." By letter dated January 22, 1981 appellant was notified to vacate her apartment. The reasons given for the termination of her lease were damage to the apartment (three broken windows, damage to walls and doors) and breach of paragraph 11b of the lease wherein appellant had agreed to keep the apartment in a clean and sanitary condition (floors and walls very dirty; appliances not properly cared for). The letter continued, "Because of the above, your lease is hereby terminated and possession of your apartment is demanded no later than sixty days from the date you receive this notice. If you fail to vacate before such time, appropriate legal proceedings will be instituted." This action to dispossess appellant was filed on April 3, 1981.

Appellant filed a timely answer to this dispossessory action and served appellee with interrogatories requesting inter alia information as to Morris Heights Apartments' status as a federally subsidized housing project, identification of the damage appellant had allegedly caused, and copies of certain notices pertaining to her eviction. Following appellee's response to the interrogatories, appellant moved for summary judgment on the ground that appellee's notice of termination did not comply with applicable regulations published in the Code of Federal Regulations. The motion for summary judgment was denied, and this case was tried before a jury. The jury returned a verdict in favor of appellee and judgment was entered accordingly.

Morris Heights Apartments participates in federal government programs established by Section 236 of the National Housing Act, 12 USCA § 1715z-1 (rental and cooperative housing for lower income families) and in Section 8 of the United States Housing Act of 1937, 42 USCA § 1437f (lower-income housing assistance). Both programs are administered by the United States Department of Housing and Urban Development (hereinafter "HUD"), and HUD has promulgated certain regulations concerning said programs. These regulations are mandatory and binding upon a lessor (such as Morris Heights Apartments) who participates in the programs. See

*Milam v. Housing Authority,* 129 Ga. App. 188 (199 SE2d 107) (1973); *Jenkins v. Allen Temple Dev.,* 127 Ga. App. 61 (192 SE2d 714) (1972). The thrust of appellant's enumerations on appeal is that the judgment ordering her eviction is invalid because she was not given proper notice pursuant to HUD regulations.

1. The first enumeration of error contends that the trial court erred in denying appellant's motion for summary judgment. " 'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384) (1977). There is no merit in this enumeration of error." *Talmadge v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61) (1978).

2. Appellee sought to terminate appellant's lease on the ground of material noncompliance with the terms of the lease. See 24 CFR § 450.3. Appellant does not challenge the sufficiency of the evidence at trial to support the judgment in favor of appellee on this ground. Rather, appellant's second and fourth enumerations of error assert that the judgment in favor of appellee is invalid as a matter of law; i.e., appellant contends that appellee failed to give her proper notice of termination as required by HUD regulations and therefore failed to comply with a condition precedent to recovery.

The regulations upon which appellant relies are as follows: "The landlord's determination to terminate the tenancy shall be in writing and shall: (1) state that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense; and (4) be served on the tenant in the manner prescribed [herein]." 24 CFR § 450.4(a). "The Owner shall not evict the Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days (or such greater number, if any, that may be required by local law) within which to respond to the Owner." 24 CFR § 886.128(a). Both of these regulations are incorporated into and are part of the subject lease.

"No termination shall be valid unless it is in accordance with the provisions of § 450.4." 24 CFR § 450.3(a). Moreover, when the forfeiture of a lease depends upon giving a written notice of breach, it must appear that such notice was given in strict compliance with the terms of the lease both as to time and as to contents. *Woodall v. Pharr,* 119 Ga. App. 692 (1) (168 SE2d 645) (1969). Appellant contends that appellee's notice to her concerning the termination of

her lease did not comply with the following portions of the foregoing HUD regulations: (a) the notice of proposed eviction did not provide her, as per 24 CFR § 886.128(a), with sufficient opportunity to respond; (b) the notice of termination did not specify, as per 24 CFR § 450.4(a)(1), a date whereon her tenancy was to be terminated; and (c) said notice of termination did not advise her, as per 24 CFR § 450.4(a)(3), that she had the right to present a defense in the event a judicial proceeding were instituted against her.

The manifest purpose of the foregoing regulations is to afford procedural due process in eviction proceedings to tenants in federally subsidized housing projects, ". . . to cure the evils of discriminatory and arbitrary eviction procedures prevalent in federally-subsidized housing . . ." Goler Metropolitan Apts. v. Williams, 43 N. C. App. 648 (260 SE2d 146, 149) (1979); see also Green v. Copperstone Ltd. Partnership, 28 Md. App. 498 (346 A2d 686) (1975); Anderson v. Denny, 365 FSupp. 1254 (W. D. Va. 1973). The record in the case at bar shows that appellant was notified by letter dated December 24, 1980 that her apartment was in an unclean and unsanitary condition violative of her lease; she was informed that she had two to three weeks to improve the condition of her apartment or else she would receive notice to vacate the premises. Appellant was notified by letter dated January 22, 1981 that her lease was terminated for the reasons stated therein; following her receipt of this notice, she was given 60 days to vacate the premises. This dispossessory action was initiated after the 60-day period had elapsed, and appellant filed a timely answer thereto. Appellant actively pursued pretrial discovery.

Assuming arguendo that appellee failed to comply with the subject HUD regulations, appellant must nevertheless show that such noncompliance has harmed her. "It is an old and sound rule that error to be reversible must be harmful. [Cits.] Thus, when a plaintiff in error [appellant] brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party." Best Concrete Products Co. v. Medusa Corp., 157 Ga. App. 97, 101 (276 SE2d 147) (1981). In our view, the record in this case discloses that appellant was not denied her right to due process, even though the notice provided by appellee may not have precisely conformed to the directives of the subject regulations. Jeffries v. Ga. Residential Fin. Auth., 503 FSupp. 610 (N. D. Ga. 1980); see Adams v. Wright, 242 Ga. 330 (249 SE2d 15) (1978); Baker v. Housing Authority, 152 Ga. App. 64 (3) (262 SE2d 183) (1979); see also Wiggins v. HUD, 523 FSupp. 1170 (3) (D. Md. 1981). Therefore, appellant has failed to show that she was "practically wronged" by the subject enumerated rulings of the trial

court relating to appellee's alleged noncompliance with said regulations. Also, the case at bar arises on appeal following a trial on the merits and is therefore distinguishable from the decisions in *Milam v. Housing Authority,* supra; Leake v. Ellicott Redevelopment Phase II, 470 FSupp. 600 (W. D. N. Y. 1979); Ivywood Apts. v. Bennett, 51 Ohio App. 2d 209 (367 NE2d 1205) (1976).

3. In light of our discussion in Division 2 of this opinion, the trial court did not err in refusing to give appellant's request to charge to the effect that noncompliance with the subject HUD regulations required a verdict in favor of appellant. See *Tucker v. Mappin,* 149 Ga. App. 847 (3) (256 SE2d 135) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 21, 1982 —
REHEARING DENIED MAY 10, 1982.

*Peter L. Bagley,* for appellant.
*Curtis R. Boren,* for appellee.