## 65901. HOUSING AUTHORITY OF DeKALB COUNTY, GEORGIA v. PYRTLE.

McMURRAY, Presiding Judge.

This case involves a dispossessory proceeding brought by the Housing Authority of DeKalb County, Georgia, as landlord, against

one of its tenants. The tenant, as defendant, admitted she was a resident as tenant at the premises but otherwise denied the remainder of the allegations contained in the plaintiff's affidavit, as well as attacking the jurisdiction by reason of improper service.

The case proceeded to trial before the court without the intervention of a jury. The trial court in its dismissal order stated that the "defendant moved for a dismissal of the proceedings on the grounds that, at all relevant times in question, plaintiff was (and is) subject to the regulations promulgated by the Department of Housing and Urban Development, United States Government, (hereinafter 'HUD') and that there was undisputed evidence that, prior to filing the instant action, the plaintiff failed to comply with a HUD regulation [24 CFR § 866.4 (l) (1) (3)] which requires a public housing authority (such as the plaintiff) to notify the tenant that his lease has been terminated and that such notice to tenant of the reasons for the termination, and that for this reason the instant proceeding must be dismissed." We note here that 24 CFR § 866.4 (l) (1) (3) also requires that the tenant be informed of his right to make such reply as he may wish and of his right to request a hearing in accordance with "PHA's grievance procedure." Further, the lease provided for certain legal notice (in this case being satisfied by certified mail properly addressed with postage pre-paid) that the lease might be terminated by management by giving 10 days written notice (as was the case here) that the tenant was creating or maintaining a threat to the health or safety of other tenants in the "serious or repeated interference with the rights of other residents, serious or repeated damage to the premises, [or] creation of physical hazards." See Section 10 of the lease with reference to termination which also reads as follows: "Such written notice will state the reasons for termination and will inform the Resident of his right to make such reply as he may wish and of his right to request a hearing in accordance with Management's Grievance Procedures. Notice by either party to this lease may be given on any day of the month." The court then set forth in its findings of fact that the housing authority had notified the tenant by certified mail in writing that there had been "[r]epeated incidents of intoxication and irresponsible use of the kitchen facilities in your Unit [which] have imposed a threat [to] the peaceful enjoyment and safety of your neighbors. This conduct results in a violation of the provisions [of the lease and because of the violation] by you . . . you are hereby notified that your Lease shall be terminated in ten days from the date of this Notice."

The court in its conclusions of law found that the plaintiff was a public housing authority legally bound to comply with the regulations promulgated by HUD pursuant to 42 USCA § 1401 et seq.

and the regulations promulgated pursuant thereto, including 24 CFR § 801 et seq. and *Milam v. Housing Authority of Columbus,* 129 Ga. App. 188 (199 SE2d 107). The court then set forth relevant HUD regulations and found that the information provided in the letter as to notice that the tenant was guilty of repeated incidents of intoxication and irresponsible use of kitchen facilities in tenant's unit as imposing a threat to the peaceful enjoyment and safety of tenant's neighbors, which compliance constituted a condition precedent to plaintiff's legal action in taking out the dispossessory warrant, was insufficient to state the reasons for the termination of the lease. The court found that the plaintiff failed to comply and granted the motion to dismiss the proceeding against the tenant holding over. The plaintiff appeals. *Held:*

The purpose of 24 CFR § 866.4 (l) (1) (3) in requiring that the notice of termination state reasons for the termination is to insure that the tenant is provided with specific information as to the nature of the grounds relied upon by the housing authority in terminating tenant so as to allow the tenant to effectively rebut the conclusion reached by the housing authority. In the case sub judice, the description of the conduct upon which the termination of the lease is predicated is so vague and conclusory as to fail to provide the tenant with knowledge of the circumstances upon which the termination of the lease was predicated sufficient to afford the tenant an opportunity to prepare a meaningful rebuttal. Housing Authority of the County of King v. Saylors, 578 P2d 76, 79 (4). See also Goldberg v. Kelly, 397 U. S. 254 (90 SC 1011, 25 LE2d 287).

The notice also utterly failed to inform the tenant of her right to make such reply as she might wish as required by 24 CFR § 866.4 (l) (1) (3), consequently the dismissal of the action by the trial court was proper for this additional reason. Compare such cases as *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Davis v. Jeep Corp.,* 138 Ga. App. 805, 806 (2) (227 SE2d 455); *Coker v. City of Atlanta,* 186 Ga. 473 (198 SE 74); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 17, 1983 —
REHEARING DENIED JUNE 28, 1983.

*Gene E. Massafra,* for appellant.
*William J. Brennan, Jr.,* for appellee.