## 70217. HENDERSON v. COLONY WEST, LTD.
(332 SE2d 331)

SOGNIER, Judge.

Colony West, Ltd. brought this dispossessory action against Patricia Henderson. Based on the jury's verdict, the trial court entered judgment for possession of the subject apartment in Colony West's favor. Henderson appeals.

1. Appellant contends the trial court erred by granting judgment in appellee's favor because appellee's notice of lease termination and of demand for possession of the apartment did not meet the requirements of federal law.

Appellant is a tenant in a housing project owned and operated by

appellee, which project is subsidized under two federal housing programs. These programs and the applicable federal regulations are described in detail in *Smith v. Hendrix*, 162 Ga. App. 299, 301-303 (290 SE2d 504) (1982). The regulations upon which appellant relies, incorporated in her lease, set forth detailed provisions for lease termination and eviction procedures and include requirements that the lessor state the reason for lease termination with specificity, advise the tenant of his opportunity to present a defense if judicial proceedings are instituted, and notify the tenant of the proposed eviction and of the tenant's opportunity to respond within 10 days. 24 CFR §§ 247.3; 247.4; 886.128; *Smith v. Hendrix*, supra at 301-302.

The foregoing federal regulations are mandatory and binding on a lessor such as appellee who participates in federal housing programs. Id. at 300-301. However, "[t]he manifest purpose of the foregoing regulations is to afford procedural due process in eviction proceedings to tenants in federally subsidized housing projects, '. . . to cure the evils of discriminatory and arbitrary eviction procedures prevalent in federally-subsidized housing . . .' [Cits.] . . . Assuming arguendo that appellee failed to comply with the subject HUD regulations, appellant must nevertheless show that such noncompliance has harmed her. 'It is an old and sound rule that error to be reversible must be harmful. [Cits.] Thus, when a plaintiff in error [appellant] brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' [Cit.]" Id. at 302.

In this case, appellee sought to terminate appellant's lease on the ground that her cursing and fighting with her son constituted loud and boisterous conduct which disturbed other tenants. See 24 CFR § 247.3 (a). Like the tenant in *Smith v. Hendrix*, supra, appellant does not challenge the sufficiency of the evidence at trial to support the judgment in appellee's favor. Rather, she argues that the judgment is invalid because of appellee's failure to comply with the federal regulations which constitute a condition precedent to recovery.

Appellant was notified by letter on October 11, 1984 that her lease was terminated effective November 11, 1984 for the reasons stated therein. This dispossessory action was initiated on November 13, 1984 and appellant timely answered and pursued pretrial discovery.

We find this case controlled by *Smith v. Hendrix*, supra. Here, as in that case, "the record . . . discloses that appellant was not denied her right to due process, even though the notice provided by appellee may not have precisely conformed to the directives of the subject regulations. [Cits.] Therefore, appellant has failed to show that she was 'practically wronged' by . . . appellee's alleged noncompliance with

said regulations." Id. at 302-303. Therefore, the trial court did not err by granting judgment in favor of appellee.

2. Appellant contends the trial court erred by failing to grant her motion for directed verdict because appellee's demand for possession of her apartment did not meet the requirements of state law.

A demand upon the tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant. OCGA § 44-7-50; *Wig Fashions v. A-T-O Properties*, 145 Ga. App. 325, 326 (243 SE2d 526) (1978). A demand for possession is proper only if at the time of the demand the lease is terminated. Id. at 326. However, it is not necessary for a landlord to prove a demand for possession when it appears that the demand, if made, would be refused. *Hyman v. Leathers*, 168 Ga. App. 112, 115 (308 SE2d 388) (1983).

Appellee's notice of lease termination, terminating appellant's lease effective 30 days from the date of the notice and simultaneously demanding possession of the premises as of that date, did not meet the requirements of OCGA § 44-7-50 since at the time of the notice the lease was not yet terminated. *Wig Fashions*, supra at 326. However, there was some evidence based on appellant's testimony at trial that had appellee made a timely demand for possession appellant would have refused. "It is never error to refuse to grant a motion for directed verdict where questions of fact remain even though the evidence is strongly supportive of appellant's contentions. [Cit.] Our duty is to construe the evidence most favorably toward the party opposing the motion [cit.], and we will labor to retain intact the verdict returned by the jury to whom our system has entrusted the dispensing of justice. [Cits.] In this case, there is sufficient evidence to support the jury's verdict and the judgment of the trial court." *Eddie Parker Interests v. Booth*, 160 Ga. App. 15, 17 (285 SE2d 753) (1981). Therefore we find no merit in this enumeration.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 31, 1985 —
REHEARING DENIED JULY 31, 1985.

*Phillip Bond, Kay Young, Phyllis J. Holmen, M. Ayres Gardner, John L. Cromartie, Jr.*, for appellant.
*John D. Carey*, for appellee.