72840. HOUSING AUTHORITY OF DECATUR v. BROWN.
(349 SE2d 501)

BIRDSONG, Presiding Judge.

Dispossessory Warrant. Franklin Brown is a tenant of a one-bedroom apartment owned and managed by the Housing Authority. On April 19, 1985, a drug raid was conducted by the City of Decatur Police of Brown's apartment; drugs and drug paraphernalia were found. Ultimately Brown entered a plea of guilty to the misdemeanor of possession of less than an ounce of marijuana. During the succeeding months, the Housing Authority allowed his continued peaceable occupancy of his apartment. In December 1985, Brown was admitted to a hospital for treatment of a diabetic condition and apparently suffered the amputation of one of his toes. He was in the hospital for several weeks during December 1985 and January 1986. Brown testified without contradiction that he left a key with one Tony Christian to enable Christian to check on the apartment and its contents because of the possibility of burglaries occurring in the area. This same Tony Christian had been apprehended in Brown's apartment by the Decatur police in the April 1985 raid but there is no indication that criminal charges were preferred against Christian or that a criminal disposition resulted in regard to Christian. It was further established that while Brown was in the hospital, a second raid was conducted by the Decatur police and a quantity of marijuana and cocaine was confiscated. Some five persons were found in the apartment but Brown expressly denied that any of these persons had any right to be present, i.e., they were there without his consent. Tony Christian's brother was present and had some keys but it was not shown that these keys were those given Tony or that the brother was present with Brown's consent.

On January 23, 1986, the Housing Authority filed notice of termination of Brown's lease giving him ten days' notice to vacate in accor-

dance with the lease provisions. Brown refused to surrender the premises and the Housing Authority filed the dispossessory warrant that is the subject of this litigation. Following a hearing, the trial court concluded the warrant had not been filed in accordance with the provision of the lease and dismissed the Housing Authority's warrant. The Housing Authority brings this appeal enumerating six asserted errors. *Held*:

The provisions of the lease pertinent to a resolution of this controversy required Brown to conduct himself and cause other persons on the premises with his consent to conduct themselves in a manner which would not disturb his neighbors' peaceable enjoyment of their accommodations and would be conducive to maintaining the project in a decent, safe and sanitary condition. As a resident, Brown also agreed to refrain from illegal activity which impaired the physical or social environment of the project.

If the resident-lessee (Brown) violated the lease, the landlord retained the right to serve notice of termination of the lease and demand release of the premises. Such termination, as pertinent, could be with ten days' notice in cases where the tenant created or maintained a threat to the health or safety of other tenants; otherwise, the required notice was 30 days. Further, notice by the management could only be given under the terms of the lease for good cause, including but not limited to serious or repeated interference with the rights of other tenants, or serious or repeated damage to the premises or creation of physical hazards.

The Housing Authority served Brown with ten days' notice contending he had violated the terms of his lease by conducting himself unlawfully or allowing others present with his consent to disturb his neighbors' peaceful enjoyment of their accommodations and failing to maintain the apartment in a decent, safe or sanitary condition; and engaging in illegal conduct which impaired the physical and social environment of the project.

Brown responded by contending that his conduct did not amount to a violent or safety endangering course of conduct contemplated by the ten-day notice provision in the lease and that he was entitled to thirty days' notice. The trial court as the trier of fact and law concluded that as a matter of law Brown was entitled to the thirty-day notice provided by the lease and that the ten-day notice exercised by the Housing Authority was not justified and rendered the dispossessory warrant illegally served.

There is a conspicuous absence of any evidence that any neighbor of Brown complained of a threat to or experienced a lack of peaceable enjoyment of their accommodation. Likewise, there was no evidence that Brown had caused a serious or repeated interference with the rights of other residents, that Brown had caused serious or repeated

damage to the premises or that he had created a physical hazard on the project. These are the only stated grounds in the lease of "good cause" to justify the issuance of a notice of termination of the lease. While it is true that these are not an exhaustion of the reasons for termination of a lease, the inclusion of the particular types show an intent to limit "good cause" to creation of dangerous or hazardous conditions, property damage or deliberate interference with the peaceable enjoyment of the other tenants with their possessory interest. It cannot be debated that Brown technically violated the terms of the lease by engaging in illegal conduct and at least arguably he did not maintain his leasehold in a decent manner, thus presumably failing to uphold the social environment of the project. We do not decide the Housing Authority's right to terminate the lease with thirty days' notice if it elected so to do but observe that there is questionable factual support for "good cause" as defined in the lease. That question was one of law for decision by the trial court. *Taylor Freezer Sales Co. v. Hydrick*, 138 Ga. App. 738, 739 (227 SE2d 494).

Applying the principles of the doctrine of *ejusdem generis*, we agree with the trial court that the bare occurrence of a violation of law alone which does not manifest the creation or maintenance of a threat to the safety of other tenants does not pose the threat which warrants the issuance of a ten-day notice. The evidence before the trial court reflected that in the eyes of the law, Brown possessed a small amount of marijuana in April 1985, ostensibly for personal use. That the Housing Authority did not consider this conduct as a threat to the other tenants or the project is manifested by its acquiescence in Brown's continued possession of his apartment for almost a year after his arrest. It was only after the second incident that the Authority decided to take action. Yet the evidence shows that on the occasion of the second incident, Brown did not consent to the presence of any of the persons arrested in his apartment nor is there any showing that he was aware of or participated in or consented to their activities.

Under the facts of this case, we find no merit in the enumerations of error advanced by the Housing Authority. The trial court properly concluded under the facts and law that the Housing Authority, by its failure promptly to remove Brown from his leasehold, waived the right to terminate the lease based upon the April 1985 misdemeanor. See *Morgan v. Maddox*, 216 Ga. 816 (1d) (120 SE2d 183). Nor can we find error in the trial court's conclusion that the mere violation of marijuana possession even on two occasions creates a hazardous situation for other tenants nor interferes with their peaceable possession. Moreover, we find no error in the court's conclusion that the technical breach of the lease by engaging in criminal conduct did not constitute that character of lease violation which would warrant a ten-day termi-

nation notice. In short, we find no error to warrant a reversal or new trial in this case.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 23, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*Gene E. Massafra*, for appellant.
*W. Michael Maloof*, for appellee.