73976. HENRY v. WILD PINES APARTMENTS.
(359 SE2d 237)

McMURRAY, Presiding Judge.

In a prior appellate appearance of this dispossessory proceeding we reversed the entry of a judgment by default in favor of plaintiff-landlord Wild Pines Apartments and against defendant-tenant Henry. See *Henry v. Wild Pines Apts.*, 177 Ga. App. 576 (340 SE2d 233). Upon the trial of the case, the jury returned a verdict in favor of plaintiff and defendant appeals. *Held*:

The primary issue on appeal is whether plaintiff was authorized to terminate the defendant's lease of a federally subsidized apartment. The lease provided that any termination of the lease be carried out "in accordance with HUD [Department of Housing and Urban Development] regulations, State and local law, and the terms of this Agreement." The lease could be terminated due to defendant-tenant's "material noncompliance" with the terms of the lease. However, plaintiff was required to give defendant a written notice of any proposed termination of the lease, stating the grounds for termination with enough specificity so as to enable defendant to prepare a defense. The lease also provides that in the event of a dispossessory proceeding, plaintiff must rely only upon the grounds set forth in the termination notice.

Plaintiff's termination of defendant's lease was predicated upon two separate incidents. The first incident occurred on April 11, 1985, when Ms. Sims shot Mr. Holder at defendant's apartment. Plaintiff's

first termination notice informed defendant that this incident violated provisions of the lease whereby defendant agreed not to " 'engage in or permit unlawful activities in the unit, in the common areas or on the project grounds' " or " '[m]ake or permit noises or acts that will disturb the rights or comfort of neighbors.' "

The uncontroverted evidence presented at trial in regard to the shooting incident shows that: Mr. Holder was a platonic friend of defendant who frequently assisted her with personal favors. On the date at issue defendant had borrowed Mr. Holder's automobile and gone shopping, leaving Mr. Holder at her apartment. While defendant was away, Ms. Sims, a girl friend of Mr. Holder's, arrived at the apartment uninvited. After an argument Ms. Sims fired two shots inflicting a slight flesh wound on Mr. Holder and breaking windows of the apartment.

As defendant did not directly participate in the actions of Ms. Sims the question raised is did defendant "permit" unlawful activities or disturbing noises. In addition to the evidence of defendant's absence, there was also uncontroverted evidence that defendant did not consent to Mr. Holder receiving guests in her home during her absence. Defendant had met Ms. Sims only briefly on one occasion sometime prior to the shooting incident. There was no evidence suggesting that defendant should have anticipated the arrival of Ms. Sims at her home. In view of the absence of any knowledge or consent on the part of defendant, we conclude that there was no evidence that defendant permitted unlawful activities or disturbing noises at her home. See generally *Housing Auth. of Decatur v. Brown*, 180 Ga. App. 483 (349 SE2d 501).

The second termination notice added additional grounds for the termination of defendant's lease as follows: "It has come to our attention and our follow-up investigation has revealed that on or about July 6, 1985, the Albany Police Department came to [defendant's] apartment to investigate allegations of child neglect. We have learned of a pattern of [defendant] to leave her minor children alone in her apartment while going to other places. Following the police going out to investigate such charges, our information shows that [defendant], along with another resident, acted in concert in leveling threats of various sorts, including that of doing bodily harm, to the tenants in #302, to wit: Ms. Evelyn McKinley and her daughter, Beverly McKinley. During the course of these events, [defendant] used various approbrious [sic] words not fit to be repeated in this letter."

The evidence in regard to the second termination notice shows that: On July 6, 1985, a police officer was dispatched to defendant's apartment in response to an anonymous report that some children had been left alone. The officer found two children, ages approximately six and two, alone in the apartment. The officer called the ju-

venile authorities, turned the matter over to a juvenile officer, and was not aware of any criminal prosecution arising from the incident.

Additionally, there was testimony by Ms. Beverly McKinley that she observed the police at defendant's home on April 11, 1985 (the date of the shooting incident), but had no idea why the police were there. Later that day, Ms. McKinley began receiving telephone calls from an unidentified source which continued all through the night. "It was a ladies [sic] voice and then every time somebody picked the phone up they got cussed." Ms. McKinley did not recognize the lady's voice but insisted that it must have been defendant because it occurred the same day the police were at defendant's home.

The second termination notice is unlike the first, in that it does not specify which portions of the lease defendant has allegedly breached. In this connection we note that while the lease sets forth two additional sets of circumstances under which the lease may be terminated, neither is applicable to the case sub judice.

Examining the second termination notice together with the lease, and the evidence presented at trial, we find no allegation which is both sufficient to authorize termination of the lease and substantiated by any evidence. While there is evidence that defendant's children were alone in the apartment when an officer arrived, the only evidence as to the duration of the period of time the children were alone was presented by defendant and showed that it was very brief. There was no evidence of a pattern of conduct on the part of defendant to leave her children unattended. Also, there is no lease provision prohibiting tenants leaving their children unattended.

Plaintiff's grounds of termination involving defendant making threats to Ms. Evelyn McKinley and Ms. Beverly McKinley on or after July 6, 1985, the day of the unattended children incident, are entirely without support in the evidence. The only evidence, involving the McKinleys, related the harassing telephone calls from an unidentified lady's voice on April 11, 1985, the date of the shooting incident and almost three months prior to the date of the alleged threats.

In conclusion, therefore, plaintiff failed to present any evidence at trial authorizing the termination of the lease. The trial court erred in denying defendant's motion for judgment notwithstanding the verdict. *Ford Motor Credit Co. v. Parsons*, 155 Ga. App. 46, 47 (270 SE2d 230). Compare *Hill v. Paradise Apts.*, 182 Ga. App. 834 (357 SE2d 288). Our ruling renders moot defendant's remaining enumerations of error.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED JULY 1, 1987.

*W. E. Lockette, Phyllis J. Holmen, Gregory W. Edwards, John*

*L. Cromartie, Jr.*, for appellant.
   *Henry E. Williams*, for appellee.