A00A0437. ROBINSON et al. v. GEORGIA HOUSING & FINANCE AUTHORITY.

(536 SE2d 548)

MILLER, Judge.

The Georgia Housing & Finance Authority foreclosed on property that was owned by William Robinson, deceased. The trial court issued a writ of possession for the premises on June 2, 1999, when the appellants (persons in possession of the property) failed to submit payment into the registry of the court by June 1 as ordered. On June 8, the appellants filed a motion for reconsideration and stay of the execution of the writ of possession, and on June 9, the court stayed the June 2 order pending a hearing. On June 16, the court denied the motion for reconsideration and stay and vacated its June 9 order. Robinson filed a notice of appeal on June 23.

1. The Authority argues that this appeal should be dismissed for lack of jurisdiction due to failure of appellants to file a timely notice of appeal. Specifically, the Authority argues that because the June 2, 1999 order was a final judgment, under OCGA § 44-7-56 the notice of appeal should have been filed within seven days of the date the judgment was entered despite the filing of the motion for reconsideration. While it is true that "[a] motion for reconsideration does not extend the time for filing a notice of appeal,"[1] the June 9 *grant* of the motion to stay the execution of the writ of possession did extend the date for filing the notice of appeal.[2] Therefore, this court has jurisdiction over this appeal as the appellants timely filed the notice of appeal within seven days of the final judgment of June 16.

2. The appellants contend that the court erred in continuing to exercise jurisdiction over Robinson after having been informed of his death. The affidavit of dispossession and summons listed the tenant as "WILLIAM ROBINSON or persons in possession" of the premises. Robinson's widow received service, and an answer was filed also styled "WILLIAM ROBINSON or persons in possession." OCGA § 9-11-10 permits the use of any name in the caption where a party's name is not known. This would include "persons in possession." The use of Robinson's name in the pleadings is not a ground for dismissal of the action,[3] and because Robinson was deceased, the court exercised jurisdiction only over "persons in possession" of the property as the affidavit and summons plainly use the alternative "or." Had the appellants desired to have Robinson's name removed, they could have made a motion to remove him as a party in accordance with

---

[1] (Citation omitted.) *Hardrick v. Morgan*, 240 Ga. App. 155 (522 SE2d 742) (1999).

[2] See *Austin v. Carter*, 248 Ga. 775, 777 (1) (285 SE2d 542) (1982); *Dougherty County v. Burt*, 168 Ga. App. 166, 167 (1) (308 SE2d 395) (1983).

[3] See OCGA § 9-11-21.

OCGA § 9-11-21.

Moreover, the appellants have failed to show how they were harmed as a result of the inclusion of Robinson as a named party.[4] If they wished to contend that service of process was insufficient, then they should have enumerated such as error. Although the appellants did claim insufficiency of service of process in their answer, they did not enumerate the court's ruling thereon as error on appeal. Furthermore, even if enumerated, we could not evaluate any alleged error on that issue as the hearing on the right of possession was not transcribed and is therefore not included in the record on appeal.[5] This precludes review of jurisdiction as to the "persons in possession," and we must assume the court correctly found that service of process was sufficient.[6]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 27, 2000.

*O. Torbitt Ivey, Jr.*, for appellants.

*Lester, Lester & Flynt, James L. Lester, Fowler, Hein, Cheatwood, Passino & Williams, J. Steven Cheatwood*, for appellee.

---

[4] See *Swift Loan &c. Co. v. Duncan*, 195 Ga. App. 556, 558 (8) (394 SE2d 356) (1990); *Henderson v. Colony West*, 175 Ga. App. 676, 677-678 (1) (332 SE2d 331) (1985).

[5] See *Regency &c. Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194 (514 SE2d 446) (1999).

[6] Cf. *Boles v. Lee*, 270 Ga. 454, 456 (3) (511 SE2d 177) (1999); *Attwell v. Heritage Bank &c.*, 161 Ga. App. 193, 194 (2) (291 SE2d 28) (1982).