## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Redevelopment
and Housing Authority

v.

Hope Tyson

February 24, 2011

Case No. CL10-4482

BY JUDGE BEVERLY W. SNUKALS

On February 9, 2011, the Court heard arguments on the Defendant's Motion for Summary Judgment against the Plaintiff, Richmond Redevelopment Housing Authority ("RRHA"). After hearing argument, the Court took the matter under advisement to review 24 C.F.R. §§ 966.4(l)(3) (i), (ii), and (v), as well as Virginia Code § 55-248.31 and all relevant case law in order to determine whether RRHA provided a legally defective notice that would bar its unlawful detainer action. This disputed notice, dated July 1, 2010, notified Tyson that her lease would terminate on July 4, 2010, because she had violated a provision of her lease prohibiting criminal/drug activity by the Tenant or her household members, guests, or other persons under her control. The notice indicated Tyson's lack of entitlement to a grievance hearing because the reasons for termination involved criminal and/or drug-related activity that was nonremediable.

With respect to the pertinent regulations promulgated by the federal Department of Housing and Urban Development, very few cases contemplate the question of notice requirements for the eviction of a tenant based on criminal activity. Notably, at least one case interprets the regulations according to the reasoning set forth by RRHA.

In *Housing Auth. of City of Newark v. Raindrop*, the Appellate Division of the New Jersey Superior Court interpreted the notice provisions of 24 C.F.R. § 966.4(l)(3) in the same manner as RRHA. See 287 N.J. Super. 222, 670 A.2d 1087 (N.J. Super. Ct. App. Div. 1996). It stated:

> *The lease termination notice requirements are dependent on the grounds for termination.* Where the grounds are other than

> criminal activity or drug-related criminal activity, the PHA-established grievance procedure must be followed before court eviction is pursued. 24 C.F.R. § 966.51(a)(1) (1995). In those instances, the notice of lease termination must advise the tenant of the specific grounds for termination, the right to examine relevant PHA documents, and the right to request a grievance hearing in accordance with the PHA grievance procedure. 24 C.F.R. § 966.4(l)(3)(ii) (1995). Where the grounds for eviction are criminal activity or drug-related criminal activity, the PHA may decide to exclude those eviction grounds from the grievance procedure. 24 C.F.R. § 966.51(a)(2) (1995). In such instances, the notice of lease termination must: (1) state the tenant is not entitled to a grievance hearing on termination; (2) specify the judicial eviction procedure to be used by the PHA, in this instance, the one in the Special Civil Part of the Superior Court; (3) state HUD has determined that the Special Civil Part eviction procedure provides the opportunity for a hearing that affords the basic elements of due process as defined by HUD in 24 C.F.R. § 966.53(c) (1995); and (4) state the eviction is for a criminal activity or drug-related criminal activity. 24 C.F.R. § 966.4(l)(3)(v) (1995).

*Id.* at 228-29, 670 A.2d at 1090-91 (citing 24 C.F.R. §§ 966.4(l)(3)(ii), (v) (1995), which mirror the version currently in force) (emphasis added). In *Raindrop*, the tenant's son was charged with sale of a controlled dangerous substance on the leased premises, so the landlord sent the tenant notice terminating her lease even though the tenant had no knowledge of the alleged sale. *Id.* at 224, 670 A.2d at 1088. The trial court favored the landlord holding that despite her ignorance of the sale, the tenant was strictly liable for the drug activity under New Jersey law. *Id.* The Appellate Division subsequently vacated and remanded the case for judgment favoring the tenant because it found the lease termination notice to be deficient for failing to advise the tenant that she had no entitlement to a grievance hearing and for failing to advise the tenant that HUD made the required due process determination. *Id.* at 229, 670 A.2d at 1091. Therefore, the landlord's noncompliance with the federal regulations on termination notice, as interpreted by the court, "denied the trial court jurisdiction to issue the judgment of possession." *Id.* In the case at bar, the grounds for termination did not warrant a grievance procedure, and the termination notice contained the required notices missing in *Raindrop*. While this authority is persuasive only, the Court finds it bolsters RRHA's arguments very well by noting two different sets of notice requirements depending on whether the termination grounds warrant a grievance hearing.

Other cases dealing with these federal provisions fail to recognize the distinction made by the *Raindrop* court and RRHA. See, e.g., *Martinez v. Housing Auth.*, 264 Ga. App. 282, 590 S.E.2d 245 (2003) (holding the "[f]ederal regulations require that a public housing authority's notice of lease termination 'shall state specific grounds for termination'," without recognizing the mandate for such specificity only for cases requiring a grievance hearing (quoting *Housing Auth. of DeKalb County v. Pyrtle*, 167 Ga. App. 181, 306 S.E.2d 9 (1983) (governed by outdated federal regulations that fail to contemplate the distinction at issue))).

Defendant cites *Cuyahoga Metro. Hous. Auth. v. Younger*, in which the Eighth District of the Ohio Court of Appeals held that, where a tenant was accused of violating lease provisions by causing disturbances, engaging in possible illegal activities, and inducing complaints about her guests, a public housing authority must give a tenant written notice of any proposed termination of the tenant's lease, stating specific grounds for termination "to insure that the tenant is adequately informed of the nature of the evidence against him so that he can effectively rebut the evidence," pursuant to 24 C.F.R. § 966.4(l)(3)(ii). 93 Ohio App. 3d 819, 825, 639 N.E.2d 1253, 1256 (1994) (quotations omitted). However, the Ohio court did not discuss whether 24 C.F.R. § 966.4(l)(3)(v) was applicable in this situation, failing to state if the alleged grounds of eviction fell under the exception to the grievance hearing requirement.

Defendant also cites *St. Louis Hous. Auth. v. Thompson*, in which the Missouri appellate court stated the notice of termination contained bare recitations of lease provisions that failed to comply with federal regulations. 657 S.W.2d 390, 391 (Mo. App. 1983). However, the ground for eviction in this case dealt with the tenant's alleged nonpayment of rent rather than any alleged criminal activity as in the case at bar.

Plaintiff urges the court not to find summary judgment against it by also pointing out Va. Code § 55-248.31(C), which states:

> C. If the tenant commits a breach which is *not remediable*, the landlord *may serve* a written notice on the tenant specifying the acts and omissions constituting the breach and stating that the rental agreement will terminate upon a date not less than 30 days after receipt of the notice. Notwithstanding anything to the contrary contained elsewhere in this chapter, when a breach of the tenant's obligations under this chapter or the rental agreement involves or constitutes a criminal or a willful act, which is not remediable and which poses a threat to health or safety, the landlord may *terminate the rental agreement immediately* and proceed to obtain possession of the premises. For purposes of this subsection, *any illegal drug activity involving a controlled substance*, as used or defined

by the Drug Control Act (§ 54.1-3400 et seq.), by the tenant, *the tenant's authorized occupants, or the tenant's guests or invitees, shall constitute an immediate nonremediable violation for which the landlord may proceed to terminate the tenancy without the necessity of waiting for a conviction of any criminal offense that may arise out of the same actions.*

(emphasis added). Under this statute, the Virginia Code fails to mandate that landlords provide a notice of eviction based on nonremediable grounds of termination. This strengthens the Plaintiff's case that the notice provided in the case at bar is not legally deficient.

Therefore, as a matter of law, the Court will deny the defendant's motion for summary judgment based on its finding that the notice provided by RRHA to the Defendant does not appear defective under the Code of Federal Regulations or the Code of Virginia. An order reflecting the ruling in this letter opinion has been entered.