**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 15, 2014**

# In the Court of Appeals of Georgia

A13A1667. ZACHERY v. FEDERAL NATIONAL MORTGAGE
   ASSOCIATION.

BOGGS, Judge.

Willie Zachary, Jr. appeals from a writ of possession granted to the Federal National Mortgage Association ("Fannie Mae") and contends in related enumerations of error that the writ is a nullity because a deceased person was identified as a defendant. We disagree and affirm.

The record shows that following a foreclosure of the property at issue, Fannie Mae filed a dispossessory action against Cassie Mae Zachary as well as "all others." Willie Zachary, the son of Cassie May Zachary, filed a pro se answer in which he asserted that he moved into the property following his mother's death and before the foreclosure. Zachary was subsequently notified of a trial date, and the trial court

issued a writ of possession following the trial. Zachary appealed, and an amended notice of appeal filed by counsel states: "No transcript to be attached."

1. In *Robinson v. Ga. Housing & Finance Auth.*, 244 Ga. App. 653 (536 SE2d 548) (2000), we held that a trial court did not lack jurisdiction over a dispossessory action filed against "William Robinson or persons in possession" even though Robinson was deceased. Id. at 653 (2). We reasoned that "OCGA § 9-11-10 permits the use of any name in the caption where a party's name is not known. This would include 'persons in possession.'" Id. As in *Robinson*, if Zachary had "desired to have 'his mother]'s name removed, [he] could have made a motion to remove [her] as a party in accordance with OCGA § 9-11-21." Id. at 653-654 (2). The dispossessory action at issue here was filed against "all others" in addition to a deceased party. We therefore find no merit in Zachary's contention that the trial court's grant of a writ of possession was void on this ground.

2. To the extent Zachary asserts the trial court erred by ruling on motions to compel the payment of rent *following* the filing of his notice of appeal, we cannot consider such an assertion as the record before us does not include the trial court's order or a notice of appeal from any such order. See *Owens v. Green Tree Servicing*,

300 Ga. App. 22, 24-25 (2) (684 SE2d 99) (2009) (order granting motion to compel rent issued after notice of appeal from grant of writ of possession directly appealable).

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*