**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 5, 2020**

# In the Court of Appeals of Georgia

A20A0901. HARNED v. PIEDMONT HEALTHCARE FOUNDATION, INC. et al.

HODGES, Judge.

In this pro se action, Irving Harned, Jr. sued Piedmont Healthcare Foundation, Inc., Piedmont Healthcare, Inc., and William Blincoe, M. D. (collectively, "Piedmont") for "ordinary negligence" and fraud arising out of a nurse's alleged failure to provide Harned with appropriate post-discharge care instructions following a hospital stay. The Superior Court of Fulton County construed Harned's complaint as a claim for medical malpractice and dismissed the action for failure to include an expert affidavit in violation of OCGA § 9-11-9.1 (a). Harned appeals, arguing primarily that the trial court erred in construing his claim as one for medical

malpractice. Because Harned withdrew his timely filed notice of appeal, however, we lack jurisdiction. Therefore, we dismiss the appeal.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo. In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor."[1] (Citation and punctuation omitted.) *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 817 (788 SE2d 852) (2016). So viewed, Harned alleged that he was admitted to Piedmont Hospital on July 8, 2016 and was diagnosed with atrial fibrillation. He further alleged that a nurse failed to provide him with instructions upon his July 11, 2016 discharge and that no one counseled him to "check his heart rate frequently and to go to the ER if his heart rate went over 110 beats per minute." Harned averred that he went to Piedmont again on August 8, 2016 and was again diagnosed with atrial fibrillation. A doctor informed Harned that his accelerated heartbeat had "weakened his heart[,]" but Dr. Blincoe allegedly told Harned later that month that he did not have heart failure and that his

---

[1] Although Piedmont cited OCGA §§ 9-3-71 (a) (statute of limitations for medical malpractice actions) and 9-11-9.1 (requirement for expert affidavit in support of claim of professional malpractice) in support of its motion to dismiss Harned's complaint, the trial court applied OCGA § 9-11-12 (b) (6) in its order granting Piedmont's motion to dismiss.

heart was "on the way to complete recovery." Finally, Harned also contended that he learned in October 2017 that the damage to his heart would be permanent and that Dr. Blincoe altered Harned's medical records to falsely show that Harned had received discharge instructions following his July 2016 hospital stay.

Harned filed a "Complaint for Ordinary Negligence" against Piedmont and Dr. Blincoe alleging ordinary negligence and fraud.[2] Piedmont moved to dismiss Harned's action arguing, in part, that Harned failed to attach an expert affidavit to his complaint. See OCGA § 9-11-9.1 (a). The trial court construed Harned's action as one for medical malpractice and granted Piedmont's motion to dismiss the action for failure to include an expert affidavit. This appeal followed.

As a threshold matter, Piedmont contends that Harned's appeal should be dismissed because his notice of appeal was untimely. We agree.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a). "The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court." *Price*

---

[2] In addition to the civil action that is the subject of this appeal, Harned filed two other civil actions against the same defendants. Although those complaints are not included in the record, the trial court consolidated those actions into the present case.

3

*v. Dozier*, 348 Ga. App. 283 (821 SE2d 566) (2018). It follows that, if no proper and timely notice of appeal has been filed, then we must dismiss the appeal for lack of jurisdiction. See generally *Underwood v. Lanier Home Ctr.*, 239 Ga. App. 282 (521 SE2d 207) (1999).

In this case, the trial court granted Piedmont's motion to dismiss Harned's complaint in an April 26, 2019 order. Harned filed a timely notice of appeal on May 2, 2019. However, on May 23, 2019, Harned filed a pleading entitled "Letter [to] Rescind Appeal to File a Motion to Reconsider" in which he gave "notice of his withdrawal of his notice of appeal filed . . . on May 2, 2019 . . . in order to permit his filing of a motion for reconsideration. . . ." Contemporaneously with the withdrawal of his notice of appeal, Harned filed a motion for reconsideration. It is well-settled that motions for reconsideration do not toll the time period for filing a notice of appeal. See, e.g., *Hardrick v. Morgan*, 240 Ga. App. 155 (522 SE2d 742) (1999); *Underwood*, 239 Ga. App. at 282. The effect of Harned's withdrawal of his notice of appeal, then, is that there was no notice of appeal pending when the 30-day window to appeal the trial court's order expired on Tuesday, May 28, 2019. Compare *Austin v. Carter*, 248 Ga. 775, 776-777 (1) (285 SE2d 532) (1982) (concluding that trial court order staying its judgment extended date for filing notice of appeal); *Robinson*

4

*v. Ga. Housing & Finance Auth.*, 244 Ga. App. 653 (1) (536 SE2d 548) (2000) (finding that notice of appeal from granted motion for reconsideration, in which trial court stayed execution of a writ of possession, was proper). Therefore, in view of the absence of a notice of appeal, Harned's appeal must be dismissed for lack of jurisdiction.[3] See *Hardrick*, 240 Ga. App. at 155; *Underwood*, 239 Ga. App. at 282.

*Appeal dismissed. McFadden, C. J., and Doyle, P. J., concur*.

---

[3] Harned is not rescued by his "Amended Notice of Appeal," filed after the trial court's November 27, 2019 "Order to Transmit the Record." Contrary to the trial court's tacit ruling that the withdrawal was of no effect, the amended notice could neither amend the withdrawn notice of appeal nor function as a timely notice of appeal in its own right. See OCGA § 5-6-38 (a); *Rogers v. Rockdale County*, 187 Ga. App. 658, 659-660 (1) (371 SE2d 189) (1988) ("There was . . . nothing to prevent [Hanred] from [withdrawing his] notice of appeal in the trial court.")