IVYWOOD APARTMENTS, APPELLEE, *v.* BENNETT, APPELLANT. ▌

[Cite as Ivywood Apts. v. Bennett (1976),
51 Ohio App. 2d 209.]

(No. 76AP-669—Decided December 14, 1976.)

*Mr. Frederick L. Ramsier*, for appellee.
*Messrs. Schwartz, Fisher, Spater, McNamara & Marshall, Ms. Barbara A. Terzian* and *Mr. Frederick M. Gittes*, for appellant.

REILLY, J. Appellant has filed the following notice of appeal:

"Notice is hereby given that Lu Frances Bennett, defendant, appeals to the Court of Appeals of Franklin County, Tenth Appellate District, from the order conditioning the granting of a one week extension of Local Rule 7.03 (requiring objections to referees' report in forcible entry and detainer actions to be filed within twenty-four hours)

upon the payment of rental in the amount of $522.00 into escrow, entered in this action on the 19th day of July, 1976.

"Defendant Bennett also appeals the order issuing writ of restitution entered on the 23rd day of July, 1976."

The trial court's entry reads simply: "7-15-76 Judgment for possession per decision." This is based upon a "Statement of Fact" submitted by a referee of the court, as follows:

"Case called, both parties in Court. Upon the evidence adduced, defendant was a tenant of plaintiff for approximately three years. Said lease was terminated by notice of plaintiff in November, 1975. Notice to vacate the subject premises was timely given to defendant. No reason was given in the notice to vacate, other than company policy. At the time notice to vacate was given, defendant was a tenant at will of said premises. Motion made by defendant at the beginning and end of case to dismiss the same, taken under advisement is now overruled.

"Recommendation: Judgment for plaintiff for possession of the premises, the subject of this action."

Appellant was a tenant of appellee for at least three years. It appears that appellee receives benefits involving reduced mortgage interest payments under the National Housing Act, which is designed to assist in the housing of low-income families. She received a letter by certified mail, indicating that her tenancy would be terminated as of May 31, 1976. Section 4 of the lease provides that either party may terminate the tenancy by written notice, sent by certified mail, at least forty-five days before the end of the term. There is no question that no reason was given for termination. Further, appellant received a notice to leave the premises on or before June 5, 1976, which also did not include a reason for termination. Appellee filed an action in forcible entry and detainer against appellant June 11, 1976, alleging "holding over term of lease and misbehavior of children." A hearing was conducted before a court referee, July 1, 1976, at which both parties were present and represented by counsel.

Appellee introduced into evidence a copy of the lease,

the March 25th letter, and the notice to leave premises. There was some evidence adduced from the resident manager concerning the allegations of misbehavior by appellant's children, at the close of the testimony. Counsel for appellant renewed a prior motion for dismissal. Counsel made the following summary statement, which is quoted, in pertinent part:

"Ms. Terzian: I'll try not to be repetitive from my other arguments, although I would like the Court to consider the other arguments that I've made. The plaintiff's counsel has said that the plaintiff does have a right to terminate this lease merely on the 45-day notice. That is inaccurate; that is incorrect. This is a rent subsidy program, and because of that, the only way that they can evict a tenant is for just cause, and they have based their just cause on the behavior of the children. It is the defendant's position that they were required to give her notice of the problem because it's a rent subsidy program. This is the case law that's developed, and the regulation is that they must be given some type of notice of the problem that they are causing. We're not talking about a prior hearing.

"In addition, there's a tenant-landlord act that requires where the landlord believes the tenant to be in breach of their duties, they must notify them in writing and give them 30 days in which to cure the breach, and thereafter bring an eviction action. None of these things were done.

"In addition, looking at the conduct of the children, true, the children have been involved in a couple fights. They are two teenage boys. This is nothing out of the ordinary. I don't believe that any of the conduct ascribed to the children that was admitted into evidence was anything out of the ordinary. And I would also like to point out to the Court that the son Samuel is no longer living in the premises with Mrs. Bennett. No other statements to the Court at this time."

The referee took the case under advisement. Subsequently, the above court quoted statement of fact was issued and the trial court entered a judgment; whereupon, this appeal was perfected, including two assignments of error.

Appellant's first assignment of error is the following:

"The trial court committed harmful error in granting appellee a judgment for restitution without adequate and independent consideration of the referee's report following an adequate opportunity for appellant to file her objections."

The referee's report includes several facts in the case, but it is not inclusive of all the material facts adduced at the hearing. At any rate, upon the same day it was filed, July 15, 1976, the trial court's judgment was entered. Moreover, Franklin County Municipal Court Rule 7.03 reads as follows:

"*Objections to Referee's Report.* The party objecting to the report of the referee shall file such objections, stating with specificity the relief requested and the law allowing such relief, within fourteen days following the filing of the report of the Referee. Upon such objection being filed, the case shall be assigned to a judge pursuant to Rule 1.01(1). The Assignment Commissioner shall notify the Referee who shall file any supplement to the Report within five days following such notification. *In actions in forcible entry and detainer, objections shall be filed within twenty-four hours following the hearing upon the first cause of action, and the Duty Judge shall decide upon the objection.*" (Emphasis added.)

It is reiterated that Civil Rule 53, relating to the referral of cases to referees, is applicable to the Franklin County Municipal Court, which may not adopt rules inconsistent with the Civil Rules. (Note Civil Rule 83.) The root of Civil Rule 53 is that the judgment is the court's, not the referee's, and, prior to journalizing the judgment entry, the parties shall have an opportunity to object to the referee's report. Civil Rule 53(E)(5) provides that the referee's report shall be effective and binding only when approved and entered as a matter of record by the court. A referee is not a judge and does not perform the duties of a judge.

Civil Rule 53(E)(2), specifically, reads as follows:

"Objections to report. A party may, *within fourteen days of the filing of the report,* serve and file written ob-

jections to the referee's report. Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself." (Emphasis added.)

Therefore, it is quite apparent that the Municipal Court Rule is in conflict with Civil Rule 53(E)(2). Furthermore, the procedures applied in this case included errors prejudicial to appellant. The referee's report was considered as a judgment, which was rendered the same day the report was issued. The court issued a writ of restitution July 23, 1976; eight days later, the court issued the following:

"[O]n judgment for possession granted 7-15-76 according to representation of plaintiff. Said referee's report is approved."

Thus, both the judgment entry dated July 15, 1976, based upon the referee's report, as well as the issuance of the writ July 23, 1976, were entered before fourteen days had elapsed from the date appellant was notified by the referee's report.

Consequently, there was not sufficient consideration of the report for the judgment rendered to, in fact, be the court's judgment, and appellant did not have adequate opportunity to file objections to the referee's report. The right to object, pursuant to Civil Rule 53, was improperly denied appellant, while granted other civil litigants. The nub of the issue, however, is that a hearing before a referee is not fair and complete until a judge, following independent and careful consideration, along with an opportunity to review objections, has acted upon the referee's report. Therefore, appellant's first assignment of error is sustained.

Appellant's second assignment of error is as follows:

"The trial court erred in granting appellee judgment since the appellee, an institutional landlord receiving mortgage insurance and mortgage reduction payments from the Federal Government for the benefit of the appellant,

may not obtain a judgment for restitution except for just cause of which the appellant has been notified in writing.''

This assignment of error is also well taken. Appellee, by choice, is a landlord operating a housing project under the National Housing Act. As such, he is required to comply with federal requirements concerning notice and just cause for terminating appellant's tenancy. If one accepts the subsidies, he also accepts responsibility for compliance with rules and regulations. Fundamentally, appellant may be evicted only after timely and adequate notice detailing the reasons for termination, and an adequate hearing. *Goldberg* v. *Kelly* (1970), 397 U. S. 254. Thus, there must be some proper reason given for an eviction, rather than some generality such as company policy, as in this case. As to the written lease itself, it provides, in pertinent part, in paragraph 4, the following:

"The premises herein described are rented for a period of twelve (12) months commencing on the 1st day of January, 1975, and ending on the 31st day of December, 1975, and from month to month thereafter unless either party shall notify the other, in writing, by certified mail, that he elects to have the lease terminated at the end of the then current term, which notice must be given at least forty-five (45) days prior to the end of the then current term. * * *''

This remains a valid provision. The record in this particular case, however, indicates that appellee did not comply with federal requirements involving notice and just cause for eviction of appellant. There was not a written notice, including just cause for termination, and there was insufficient evidence of just cause presented at the hearing before the referee. Therefore, appellant's second assignment of error is also sustained.

The judgment of the trial court is reversed, and the cause is remanded for compliance with Civil Rule 53.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, P. J., and McCORMAC, J., concur.