SANDEFUR COMPANY, APPELLEE, *v.*
JONES, APPELLANT.

(No. 82AP-296—Decided
December 30, 1982.)

*James M. Schottenstein & Assoc., Mr.
James M. Schottenstein* and *Mr. Gerald P.
Goulder,* for appellee.

*Mr. Edward Parks* and *Legal Aid
Society of Columbus,* for appellant.

WHITESIDE, P.J. Defendant Anna
Jones appeals from a judgment of the
Franklin County Municipal Court and
raises three assignments of error, as
follows:

"I.  The lower court erred in overruling defendant's motion to dismiss on the grounds that plaintiff failed to comply with applicable federal regulations and the lease terms governing evictions from federally subsidized housing in violation of the due process clause of the Fourteenth Amendment under the United States Constitution and Parts 450 and 881 of Title 24 of the Code of Federal Regulations.

"II.  The lower court erred in overruling defendant's motion to dismiss on the grounds that defendant was granted an extension of time to pay her rent and under the Doctrine of Equitable Estoppel plaintiff was prevented from going forward on their [*sic*] action.

"III.  The lower court erred in overruling defendant's motion to dismiss on the grounds that plaintiff's notice to leave premises is not sufficient to serve as both a letter of termination under Parts 450 and 881 of Title 24 of the Code of Federal Regulations and also as a three-day notice to vacate under Ohio Revised Code 1923.04."

This matter was referred to a referee, who heard the case and made findings of fact and conclusions of law which were adopted by the trial court.

These findings indicate that defendant leases an apartment from plaintiff pursuant to a written lease, which provides that defendant is to pay rent of $90 per month, with the remainder of the $402 monthly rent to be paid to plaintiff by the federal government by way of a federal rent subsidy of $289 per month. (Although the referee indicated defendant received the rent subsidy, it is actually paid directly to plaintiff by the federal government.) In addition, there was a $23 monthly deduction for utilities. The trial court found that defendant had not paid rent since November 1981. However, there was evidence that defendant attempted to bring her rent up to date in January 1982, which payment was rejected by plaintiff because it did not wish

to accept the rent and because an additional $15 penalty would be due in any event.

The referee further found that, on December 18, 1981, a notice to leave premises was served by plaintiff upon defendant by leaving a copy underneath the door of the apartment. Attached to that notice was a letter explaining the reasons for the purported eviction. The notice to leave premises refers to compliance by December 30, 1981, with a notation of a right to make objections in writing or in person. The accompanying letter, however, presented several options, including payment of the past-due rent plus a penalty of $15 on or before December 30, 1981. The referee also found that plaintiff had been served a similar notice to leave the premises the preceding March and October, the latter for failing to pay the last $19 of the rent and indicating it to be a first eviction notice. In the preceding April, defendant signed a paper acknowledging that she had been warned that, "* * * if my rent is not paid by the 10th of the month, each month hereafter, that an eviction will automatically be filed against me."

The second assignment of error raises strictly a factual issue as to whether or not defendant had been granted an extension of time to pay her rent, which estopped plaintiff from pursuing a forcible entry and detainer action. Based upon the evidence, the referee found against defendant upon this issue, finding plaintiff's evidence to be more credible. Even if we would have reached a different factual conclusion upon the evidence, we are bound to accept the factual findings of the trial court if supported by competent, credible evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. Since the factual findings of the referee are so supported, they are not against the manifest weight of the evidence. The second assignment of error is not well-taken.

The issue raised by the first and third assignments of error is essentially a legal issue as to whether proper notice had been given by plaintiff to defendant as a prerequisite to the maintaining of an action for forcible entry and detainer.

Inasmuch as plaintiff has accepted substantial rent subsidies from the federal government, it waives ordinary rights of a landlord and, instead, is bound by the regulations of the federal government. In other words, the bulk of the rental received by plaintiff is from the federal government, not from the tenant. Thus, for each month in question, plaintiff failed to receive only slightly more than twenty-two percent of the total rent due, being that portion paid directly by defendant.

The dispute between the parties concerns whether or not plaintiff has complied with the federal requirements, including a contention that a single notice may not at the same time constitute compliance with the federal requirement and that of state law. Also, the parties differ as to the applicable federal regulation. The lease agreement, however, specifically refers to "24 Code of Federal Regulations, Part 450." Plaintiff contends, and the referee found, that the appropriate regulation is Section 881, 24 Code of Federal Regulations.

There are some additional confusing and irrelevant issues raised and briefed as to whether or not actions of plaintiff constitute governmental action. No pertinent issue in this regard is before us or determined hereby.

Termination provisions are set forth in Section 881.607, 24 C.F.R., which states as follows:

"(b) * * * [t]he owner may not terminate any tenancy except upon the following grounds: (i) material non-compliance with the lease; (ii) material failure to carry out obligations under any State landlord and tenant act; or (iii) other good cause * * *. All terminations must also be in accordance with the provisions of any State and local landlord tenant law and paragraph (c) of this section."

The regulation defines material non-compliance as including "one or more substantial violations of the lease," and further provides that, "Nonpayment of rent * * * due under the lease (including any portion thereof) beyond any grace period permitted under State law will constitute a material noncompliance with the lease." The regulation further sets forth the requirements for termination, as follows:

"(c) * * * (1) The owner must give the family a written notice of any proposed termination of tenancy, stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner.

"(2) * * * Where the termination notice is based on material noncompliance with the lease * * * the time of service must be in accord with the lease and State law."

Paragraph 17(b) of the lease itself, however, specifically states that: "The Lessor's right to terminate this Agreement is governed by * * * 24 Code of Federal Regulations, Part 450 (hereinafter referred to as the HUD Regulation), which is hereby incorporated by reference and made a part hereof." The lease further specifically states that: "* * * whenever the Lessee has been in material noncompliance with this Agreement, the Lessor may, in accordance with state law and the HUD Regulation, terminate this Agreement by notifying Lessee in the manner prescribed in paragraph (g) below." Paragraph 17(g) provides in pertinent part that:

"The Lessor's termination notice shall be accomplished by (1) sending a letter by first class mail, properly stamped and addressed, to the Lessee at his/her address at the project, with a proper return address, and (2) by serving a copy of said notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing said notice under or through the door. Service shall

not be deemed effective until both notices provided for herein have been accomplished. The date on which the notice shall be deemed to be received by the Lessee shall be the date on which the first class letter provided for in clause (1) herein is mailed, or the date on which the notice provided for in clause (2) is properly served, whichever is later."

The referee found that notice was given by both such methods.

Inasmuch as Section 881.607, 24 C.F.R. specifically provides the type of notice, but leaves the time, and presumably manner, thereof to the lease agreement, Section 450, 24 C.F.R. is applicable because it is specifically incorporated into the lease agreement, even if it otherwise would not be applicable. Also, the lease agreement itself specifies certain requirements for notice.

Section 450.3, 24 C.F.R. provides in part that:

"(a) * * * The landlord may not terminate any tenancy in a subsidized project except upon the following grounds:

"(1) Material noncompliance with the rental agreement.

"* * *

"(c) * * * The term 'material noncompliance with the rental agreement' shall include: (1) One or more substantial violations of the rental agreement * * *. Nonpayment of rent * * * due under the rental agreement (including any portion thereof) beyond any grace period permitted under state law shall constitute a substantial violation of the rental agreement. * * *"

Accordingly, the grounds of termination are the same regardless of which regulation is applied. As to termination notice, Section 450.4, 24 C.F.R. provides that:

"(a) *Requisites of termination notice.* The landlord's determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord's action

with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense; and (4) be served on the tenant in the manner prescribed in paragraph (b) of this section.

"(b) *Manner of service.* The notice provided for in paragraph (a) of this section shall be accomplished by: (1) Sending a letter by first class mail, properly stamped and addressed, to the tenant at his address at the project, with a proper return address, and (2) by serving a copy of said notice on any adult person answering the door at the leased dwelling unit, or if no adult responds, by placing said notice under or through the door. Service shall not be deemed effective until both notices provided for herein have been accomplished. * * *"

Thus, the only real difference between the two regulations is the requirement of Section 450.4 that the tenant be advised that he may present a defense in judicial proceedings as opposed to the requirement of Section 881.607 that the tenant be advised that he has an opportunity to respond to the owner. Two notices are involved. The cover letter meets the latter requirement but not the former, since no reference is made to presenting a defense at an eviction proceedings. However, an addition to the printed form "Notice to Leave Premises," added at the bottom thereof states:

"You have a right to present your objections in writing or in person [to] the owner or the P.H.A. in the time limit stated. If an eviction is filed against you, you have the right to present a defense."

The referee found that the notice involved was sufficient to meet the requirement of Section 450.4, 24 C.F.R., even though he found it to be inapplicable. Such finding is supported by the evidence. The error on the part of the referee in finding Section 450, 24 C.F.R. not to be applicable under the circumstances is not prejudicial. As we have noted, under the circumstances of this case, both Sections 450 and 881, 24 C.F.R. as well as the provisions of the lease agreement, are applicable. However, there has been compliance with all requirements in the giving of the notice under the factual findings of the referee, which are supported by the evidence. Accordingly, the first assignment of error is not well-taken.

By the third assignment of error, defendant contends that a single notice cannot constitute compliance with the federal regulation, the lease requirement and applicable state law. We disagree. There is nothing in the federal regulations, the lease agreement or in state law which precludes a single notice from accomplishing the requisite notice under all requirements, so long as all requirements are met by the notice. In fact, the regulations specifically refer to state law as to the time of service where termination is based on material noncompliance.

Defendant relies upon the decision of this court in *Ivywood Apartments* v. *Bennett* (1976), 51 Ohio App. 2d 209 [5 O.O.3d 351], in support of her contention that separate notices are required. As this court noted in *Ivywood,* at page 214, a landlord operating a housing project under the National Housing Act "is required to comply with federal requirements concerning notice and just cause for terminating appellant's tenancy," and that a tenant "may be evicted only after timely and adequate notice detailing the reasons for termination and an adequate hearing." Nothing in *Ivywood,* however, supports defendant's contention that the requisite notice under the federal regulations cannot be contained in the same document and served at the same time as the three-day notice required under state law. Nor is there any apparent reason for so holding. The important issue is the giving of the requisite notice, not the form thereof. Nor does *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76 [17 O.O.3d 46], support appellant's position, the court in that case having

found notice to be sufficient, and that case involving a termination of a periodic tenancy, not termination of a tenancy of federally subsidized housing.

Since the finding of the referee that the notice given constitutes sufficient compliance with applicable law is supported by competent, credible evidence, there is no basis upon which this court can properly determine otherwise. The requirement of notice under state law, the rental agreement, and the federal regulations is satisfied by a single document if it complies with all of their respective applicable requirements. Accordingly, the third assignment of error is not well-taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.