**WELSH, Appellee,**

**v.**

**TARENTELLI, Appellant.**

[Cite as *Welsh v. Tarentelli* (1992), 76 Ohio App.3d 831.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1087.

Decided Feb. 6, 1992.

*Steven Mathless,* for appellee.

*Dye, Fleck & Yager, Lewis William Dye* and *Brent W. Yager,* for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Edward Tarentelli, Jr., appeals from a judgment of the Franklin County Municipal Court denying his motion to vacate judgment pursuant to Civ.R. 60. Defendant's single assignment of error states:

"The defendant was denied due process of law when the court waited nearly three years to journalize its decision, and by not notifying counsel for the defendant of its decision and entry pursuant to law and local rule."

On April 5, 1985, plaintiff-appellee, Earl M. Welsh, filed a complaint against defendant alleging breach of a lease agreement and damages to the rental premises. The trial was ultimately concluded on December 16, 1985; and, following trial, the parties prepared and filed proposed findings of fact and conclusions of law. On December 31, 1985, the court issued a decision, adopting plaintiff's proposed findings of fact and conclusions of law in their entirety with certain exceptions as noted therein. However, a judgment entry was not filed until November 14, 1988.

On June 26, 1991, plaintiff filed a motion to revive judgment, which was served on defendant; a conditional order of revival was entered the same day. In response to plaintiff's actions, on August 12, 1991, defendant filed a response to plaintiff's attempts to revive the judgment and a motion to set aside the judgment, asserting that neither he nor his counsel had been served with a copy of the judgment, and that he sought to set the judgment aside only to allow an appeal which was foreclosed due to the lapse of time since the judgment entry was filed. Plaintiff responded that defendant's motion under Civ.R. 60 failed to meet the three-part test of *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, and properly should be denied.

On August 27, 1991, the trial court ruled on defendant's motion following an "informal hearing * * * conducted * * * in chambers." The court noted that the half sheet entry announcing the court's decision was not sent to counsel or the parties; that a judgment entry was presented, signed, and filed on

November 14, 1988; and that counsel for plaintiff had sent a copy to defense counsel some months before, and by letter of November 23, 1988 had forwarded a time-stamped copy to defense counsel. The trial court rejected defendant's assertion that he did not know the judgment had been rendered until the appeal time had lapsed, finding that defendant's contentions were " * * * not however borne out by the evidence of the letter sent to defendant's attorney with a copy of the judgment signed and bearing a time-stamp of filing on November 14, 1988. * * * " As a result, the trial court overruled defendant's motion to set aside the judgment and sustained plaintiff's motion to revive the dormant judgment entry.

Defendant appeals therefrom, asserting that he was denied due process of law when the court not only failed to journalize its decision for nearly three years, but also failed to notify defense counsel of its decision and entry in this matter.

In *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, the Ohio Supreme Court considered a similar argument, finding that the right to file an appeal is a property interest of which a litigant may not be deprived without due process of law. Holding that " * * * for due process purposes litigants are entitled to reasonable notice of the trial court's appealable orders * * *," *id.* at 85, 523 N.E.2d at 856, the court then considered rules which would meet due process requirements. Ultimately, the court concluded that the following rules suffice to give reasonable notice of a final appealable order:

"A. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.

"B. The clerk shall make a notation in the case docket indicating that the required service has been made.

"C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal." *Id.* at 86, 523 N.E.2d at 857.

Applying those rules herein, we note that the judgment herein was entered more than five months following the Supreme Court's pronouncement in *Atkinson,* but that the clerk of courts did not serve notice of the entry upon the parties herein. Nonetheless, despite the clerk's failure to serve notice of the judgment entry, defense counsel ultimately became aware of the entry's

existence. Indeed, the trial court herein found defendant had actual knowledge of the judgment entry through plaintiff's counsel's letter of November 23, 1988 enclosing a time-stamped copy of the entry signed by the trial judge.

However, the Supreme Court in *Atkinson* specified that service should be by the clerk of courts; and it subsequently determined that actual knowledge by counsel of the judgment entry in the absence of reasonable notice from the clerk of courts was insufficient to begin the time running for appeal. *Gaeta v. Cleveland* (1988), 39 Ohio St.3d 338, 530 N.E.2d 1316. (Cf., Brown, J., dissenting.) Accordingly, defense counsel's actual knowledge of the entry of judgment against his client was insufficient to start the time running for defendant's appeal of the judgment herein.

■ In the trial court, defense counsel supported defendant's motion to vacate judgment with the single argument that such action was necessary to protect defendant's right to appeal the trial court's judgment on the merits. Having determined that, in the absence of reasonable notice of judgment entry from the clerk of courts, defendant's right to appeal still exists, we also find that defendant was not prejudiced by the trial court's failure to vacate the judgment entry.

On appeal, however, defendant further asserts that the mere lapse of time from the date of trial to the date of the judgment entry deprives defendant of his right to appeal, as the transcript may not be available. Although defendant failed to present that argument to the trial court, even if we consider the argument, we find no support for defendant's contentions in the record: nothing in the record suggests that the transcript of the trial is not available.

Accordingly, while we find merit in defendant's argument that he may not be deprived of his right to appeal without proper notice of the appealable order, we nonetheless find that defendant presented the trial court with no basis for vacating the judgment. As a result, we overrule defendant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.