NATIONAL CHURCH RESIDENCES OF WORTHINGTON, Appellee,

v.

TIMSON, Appellant.

[Cite as *Natl. Church Residences of Worthington
v. Timson* (1992), 78 Ohio App.3d 798.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP-322, 92AP-380 and 92AP-481.

Decided Sept. 10, 1992.

*Enz, Jones & LeGrand* and *Mark E. Phillips*, for appellee.

*John Timson, pro se.*

---

WHITESIDE, Judge.

Defendant, John Timson, appeals from a judgment of the Franklin County Common Pleas Court and raises six assignments of error as follows:

"I. The court of Judge Pfiffer [*sic*] erred and his court was without and lacked jurisdiction to order the F.E.D. complaint, amended complaint and appellant['s] answer and counter suit to the court of common pleas on Feb[.] 10, 1992. By reason said order was and is void by reason of the timely filing of an affidavit of prejudice against that court on Feb[.] 7th. Said order of the 10th in violation of Section 2937.20 of the Ohio Rev[.] Code and the due process provision of the 14th Amendment to the U.S. Constitution.

"II. The court of Judge Pfieffer [*sic*] Jr. erred in failing to rule on defendant-appellant['s]: affidavit of proverty [*sic*]: plaintiff['s] motion to strik [*sic*] and def[endant]-appellant['s] memo-contra motion to strike in violation of its own entry that it would hear and rule on these motions Feb[.] 4, 1992, the 7th Amendment to the U.S. Constitution, made applicable on the states by the due process provisions of the 14th Amend. and Art[.] I[,] Sec[.] 10 Ohio Constitution.

"III. The court of Judge Pfieffer [*sic*] erred in overruling the motion to stay the trial filed on Jan[.] 31, 1992 in its entry of Febrary [*sic*] 7, 1992, which was heard on Feb[.] 4[,] 1992 in violation of the Ohio Revised Code and in violation of appellant['s] 7th and 14th Amendment rights.

"IV. Both the courts of Judge Pfieffer [*sic*], F.C. Municipal, and the court of Judge Martin F.C. common pleas courts erred, and had no jurisdiction to hear let alone make any rulings or orders in what purports to be an F.E.D. eviction complaint by reason the complaint as filed was void on its face, as pointed out in defendant['s] motion to dimiss [*sic*] which both courts failed to read and or rule on, in violation of Article 14 of the U.S. Constitution and Article I[,] Sections 10 & 16 of the Ohio Constitution.

"V. The court of Judge Martin erred by depriving me of my constitutional rights to a trial by jury: a trial by a fair and impartial judge; as is evidence[d] by his failure to comply with state law, federal law, and the rules of the court of common pleas that required notice to be given to opposing counsel (*pro se*) and compliance with local court rules of the case schedule which ordered the trial set Feb[.] 1993 in violation of same and the due process provisions of the 14th Amendment to the U.S. Constition [*sic*].

"VI. The court of Judge Martin erred in issuing a writ of resitution [*sic*] and its long and written entry in lieu of a decision, on 8½ × 14 paper is void not rising to the dignity of a common pleas court order, which the court failed to submit to defendant *pro se* per rules of court and the Ohio Rules of Civil Proceedure [*sic*] denied defendant of his due process provision of both the 14 Amendment of the U.S. Constitution and Art[.] I[,] Sec[.] Ten Ohio Constitution and Art[.] I[,] Sec[.] 16 Ohio Constitution."

Although three appeals are involved, essentially there is a single appealable order. Case No. 92AP–322 is predicated upon a notice of appeal filed by defendant on March 10, 1992, from certain orders of the municipal court entered February 7 and 10, 1992, prior to the transfer of the case to the common pleas court for jurisdictional reasons. Case No. 92AP–380 is based upon a notice of appeal filed by defendant on March 19, 1992, from an order of the Franklin County Common Pleas Court entered March 9, 1992 and is labeled "Emergency Notice of Appeal." Case No. 92AP–481 is predicated upon a second notice of appeal from the March 9, 1992 judgment filed by defendant on April 9, 1992.

Plaintiff contends that the notices of appeal were not timely. There is no merit to this contention, the notice of appeal filed on March 10, 1992 being timely from the municipal court order of February 10, 1992, transferring the case to the common pleas court, even if such order were a final appealable order. Plaintiff further contends that the notice of appeal should have been filed in the municipal court rather than the common pleas court even though the entire case had been transferred to the common pleas court. We find no merit to plaintiff's contention. Similarly, plaintiff contends that the April 9, 1992 notice of appeal was filed one day late from the March 9, 1992 judgment entry granting judgment to plaintiff for restoration of possession of the premises. This contention is without merit for two reasons. First, as indicated above, defendant filed a notice of appeal from that judgment on March 19, 1992, well within the thirty-day period for an appeal. Furthermore, App.R. 4(A) provides that, unless notice of a judgment and its entry is made within the three-day period provided by Civ.R. 58(B), the notice of appeal may be filed within thirty days of the date of such service of notice of judgment and its entry. Civ.R. 58(B) provides that " * * * [w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. * * * " The appearance docket contains no such notation of service, nor does the record otherwise reflect such service except execution of the judgment by indicating plaintiff received notice from a bailiff on March 19, 1992. Accordingly, the appeal was timely in all respects.

This action was commenced in the municipal court on December 20, 1991, by plaintiff's filing a complaint against defendant Timson seeking to evict him as a tenant for alleged failure to pay rent. The complaint alleged that defendant was given the statutory three-day notice but, also, incorporated the rental agreement in the complaint, which indicated, by contract and a Department of Housing and Urban Development ("HUD") regulation, that an additional ten-day notice was required. Original attempted service upon defendant Timson was unsuccessful. However, defendant filed a jury demand and an affidavit of poverty on or about January 8, 1992 but, apparently, did not serve the affidavit upon plaintiff's counsel, nor did he post a security deposit with the jury demand pursuant to Loc.R. 6.05 of the Franklin County Municipal Court. By an order dated January 29, 1992, the court ordered the parties to file all pretrial motions and counterclaims before January 31, 1992. However, on January 30, 1992, plaintiff filed an amended complaint including a second cause of action involving alleged damages. Within rule for response to the amended complaint,[1] defendant Timson, on February 7, 1992, filed a motion to dismiss, an answer and a counterclaim seeking compensatory and punitive damages in the total amount of $20,000.

In the interim, on January 27, 1992, plaintiff had filed a motion to strike defendant's affidavit of poverty, stating that he had an income of $6,095 per year and was required to pay only $170 per month for rent and utilities, leaving him "a net amount of $400.00 [*sic*] per month as and for disposable income." Mathematically, the correct monthly available income after payment of rent and utilities would be $338, from which defendant was required to feed and clothe himself and pay medical expenses. Defendant qualified for federal rental assistance because of his very low income. The remainder of the rent and utilities were paid by the federal government to plaintiff. On February 7, 1992, defendant filed an affidavit of prejudice seeking removal of the municipal court judge assigned to the case. The answer and counterclaim were filed several minutes before the affidavit of prejudice, according to the court records.

By the first assignment of error, defendant contends that the municipal court judge erroneously entered orders after the filing of the affidavit of prejudice even though he was without jurisdiction to do so, citing R.C. 2937.20 and *Walker v. Stokes* (1977), 54 Ohio App.2d 119, 8 O.O.3d 237, 375 N.E.2d 1258. The only action of the municipal court judge following the filing of the affidavit of prejudice was to order the transfer of the case to the common

---

**1.** Although no responsive pleading is required to a complaint for forcible entry and detainer, the amended complaint included other claims which require a responsive pleading.

pleas court because the counterclaim exceeded the jurisdictional monetary limits of the municipal court. The trial court neither proceeded with the case nor entered judgment. Instead, only an order of transfer was entered. The judge, in so doing, did not exercise judgment or discretion but, instead, merely fulfilled a statutory duty imposed by R.C. 1901.22(E) and Civ.R. 13(J). See *State ex rel. Penn v. Swain* (1984), 21 Ohio App.3d 119, 21 OBR 127, 486 N.E.2d 1187. There is no suggestion by either party that there was any basis for retention of jurisdiction by the municipal court after defendant's counterclaim was filed. Accordingly, no prejudice has been demonstrated and the action of the municipal court in transferring the case pursuant to R.C. 1901.22(E) and Civ.R. 13(J) was not void. As indicated, this action did not constitute proceeding with the trial or otherwise considering the merits of any issue in the case, and did not constitute a judgment or final order. The first assignment of error is not well taken.

By the second assignment of error, defendant contends that the municipal court judge erred in failing to rule upon his affidavit of poverty and plaintiff's motion to strike such affidavit. Defendant correctly points out that a motion to proceed *in forma pauperis* pursuant to an affidavit of poverty is a motion that may be ruled upon *ex parte* pursuant to Civ.R. 5(A). In fact, the record reflects that the trial court made a half-sheet entry under date of January 8, 1992, ruling at least in part upon the affidavit, the half-sheet entry stating "[b]ased on affidavit of defendant, jury fees waived. Set for trial." There is no indication that the municipal court judge ever ruled to the contrary, although later the municipal court judge indicated that he would reserve until later a final determination of costs. Although defendant contends that the trial court refused at a hearing on February 4, 1992 to rule upon the motions, an order was entered on February 6, 1992 at least explaining the trial court's rulings and reservation of rulings. Nevertheless, there is some merit to defendant's contention relating to the common pleas court rather than the municipal court. The affidavit of poverty was transferred to the common pleas court. Also, a new affidavit was filed by defendant on February 20, 1992 in the common pleas court, which motion was never ruled upon by the common pleas court. The trial court judgment entry from which this appeal is taken fails to address the issue of costs, or the defendant's affidavit of poverty. This issue is not raised by the second assignment of error, which for reasons stated above is not well taken.

By the third assignment of error, defendant contends that the municipal court judge erred by not staying the trial five days in order for defendant to subpoena witnesses in the municipal court. Any error in this respect is not prejudicial since defendant filed a counterclaim requiring the transfer of the

case to the common pleas court. Since the further proceedings were in the common pleas court, any ruling that might have been error had the case remained and gone to trial in the municipal court is not prejudicial. The third assignment of error is not well taken.

By the fourth assignment of error, defendant contends that plaintiff's complaint is void on its face. In fact, this is a "misnomer" of defendant's contention. As defendant points out, he included a Civ.R. 12(B)(6) motion in his answer to the complaint. His essential contention is that the complaint in forcible entry and detainer does not state a claim for relief in that it does not allege that the appropriate notices were given to defendant, which are a prerequisite for an eviction. There are two attachments to plaintiff's complaint. One is a notice given to defendant to vacate the premises and the second is the lease between the parties. The notice on its face appears to comport with the three-day notice requirements of R.C. 1923.04(A) in that it indicates that a notice was left at defendant's residence on December 16, 1991 notifying him to vacate the premises on or before December 19, 1991 for nonpayment of rent for November and December 1991. However, the lease also had certain provisions, including a statement that the subject premises are part of a subsidized project with rentals being lower than market prices since the project is subsidized by HUD. There are various provisions incorporated into the lease primarily as a result of HUD requirements, including the provision of Paragraph 23(C) that:

"If the Management proposes to terminate this Agreement, the Management agrees to give the Resident written notice of the proposed termination. * * * Any HUD required notice period may run concurrently with any notice period required by State or local law.

"All termination notices must:

"(1) specify the date this Agreement will be terminated;

"(2) state the grounds for termination with enough detail for the Resident to prepare a defense;

"(3) advise the Resident that he/she has 10 days within which to discuss the proposed termination of tenancy with the Management. The 10 day period will begin on the earlier of the date the notice was hand-delivered to the unit or the day after the date the notice is mailed. If the Resident requests the meeting, the Management agrees to discuss the proposed termination with the Resident; and

"(4) advise the Resident of his/her right to defend the action in court."

Not only does the complaint not allege that such ten-day notice was given, but the transcript of proceedings of the trial conducted in the common pleas

court on March 9, 1992 also reveals that there was no testimony that such ten-day notice was given. In the absence of establishing that such ten-day notice was given, plaintiff was not entitled to evict defendant or to restoration of the premises. See *Sandefur Co. v. Jones* (1982), 9 Ohio App.3d 85, 9 OBR 135, 458 N.E.2d 390, and *Ivywood Apts. v. Bennett* (1976), 51 Ohio App.2d 209, 5 O.O.3d 351, 367 N.E.2d 1205. To the extent that the giving of the requisite ten-day notice was neither alleged in the complaint nor proved to have been given at the trial on March 9, 1992, the trial court erred in entering judgment for plaintiff since it did not prove it had given the requisite notice under the lease and HUD regulations. The trial court entry found only the giving of the three-day notice, which is insufficient to justify the granting of restitution of possession of the premises under the terms of the lease. To this extent, the fourth assignment of error is well taken.

By the fifth assignment of error, defendant contends that the trial court erred in proceeding to trial without giving him notice of the trial date. We note that, although the trial court found the defendant did not appear, the trial court made no finding that defendant was given notice of the trial date. In fact, the record reflects that no such notice was in fact received by defendant. Defendant also points out that he requested a jury trial, but none was held. R.C. 1923.07 provides that:

"If the defendant does not appear in action under this chapter and the summons was properly served, the court shall try the cause as though the defendant were present."

The record reflects that after the case was transferred to the clerk of the common pleas court, the clerk of that court generated two documents. The first document was one labeled "clerk's original case schedule," setting forth several dates for various actions in the case, the last of which was the "trial assignment" date of February 18, 1993 at 9:00 a.m. The record is silent as to whether a copy of this notice was delivered to or served upon defendant. The second document is labeled "forceful entry & detainer" and notifies a defendant that a complaint to evict him had been filed and that he is to appear for trial on March 9, 1992 at 9:00 a.m. in Courtroom 6C. Neither of these documents is signed, and there is no record of either document having been served upon defendant. However, in the record certified with case No. 92AP-481, we find the return of a certified-mail mailing to defendant from the clerk postmarked March 2, 1992, which indicates that the first postal notice was given on March 3, a second on March 9 and a third on March 18, before the envelope was returned unclaimed. Although the record is not definite as to what was contained in the envelope, it would appear that it probably contained the summons which was file-stamped in the trial court on February 25, 1992,

even though the certified mail envelope was not postmarked until March 2, 1992. Accordingly, the record seems to reflect that defendant was given no notice to appear for trial on March 9, 1992, and the trial court made no finding that defendant was given such notice.

■ It is error to proceed to trial in the absence of a party who has been given no notice of the time of trial. That appears to be the case here since the record reflects no notice to defendant that a trial would be held on March 9, 1992. The giving of such notice is a prerequisite under R.C. 1923.07 to proceeding to trial in the absence of the defendant. R.C. 1923.06(A) provides that a summons shall be served at least five days before the day set for the trial.

In compliance with R.C. 1923.06(B), the summons filed by the clerk of the common pleas court on February 25, 1992, but never served upon defendant, does indicate that defendant may request a trial by jury. As indicated by the defendant, there is some question as to whether service of summons was ever effected upon him in the municipal court as well. Nevertheless, defendant made several appearances and was well aware of the common pleas court proceedings, except as to the date set for trial, defendant having filed motions for a protective order on March 3 and 4, 1992 with respect to a deposition scheduled by plaintiff for March 5, 1992. Also, a letter from defendant to the common pleas judge was filed on March 6, 1992, containing references to the motion for a protective order and other filings.

■ There can be no question but that defendant demanded a jury trial. The municipal court judge duly noted and recognized the request on several occasions. Nevertheless, the common pleas court proceeded to trial without a jury. Plaintiff contends that defendant waived his right to jury trial because he did not make the mandatory deposit in accordance with the local rules of the municipal court. However, as indicated above, there is a half-sheet entry that this deposit was waived by the municipal court on January 8, 1992. However, on February 6, 1992, the municipal court entered an order pursuant to a hearing held on February 4, 1992. In that order, the court specifically stated that "the pretrial deposit of the jury fee and the prepayment of costs associated with all pretrial proceedings [are] waived. However, payment of any and all costs may be determined and assessed at a later date." In other words, although the motion to strike the affidavit of poverty was held in abeyance, the municipal court, as an interlocutory matter, in effect sustained the motion to proceed *in forma pauperis* with respect to all pretrial matters, subject to revision at a later date if found appropriate. In short, the jury demand remained when the case was transferred to the common pleas court. No new jury demand was required in that court. Accordingly, the trial court

did err to the prejudice of defendant in proceeding to trial without notice to defendant of the trial date and without affording the requested trial by jury. To this extent, the fifth assignment of error is well taken.

By the sixth assignment of error, defendant contends that the trial court's handwritten entry on legal-size legal pad paper was inappropriate and could not constitute a judgment. Civ.R. 10(E) requires that all papers filed with the clerk "shall be on paper not exceeding 8½ × 11 inches in size without backing or cover." Defendant contends that this includes entries of the court. We agree. Nevertheless, we find no prejudice to defendant resulting from the trial court's noncompliance with this rule since the intended nature and effect of the writing filed with the clerk is quite apparent from the content thereof and it is appropriately signed by the trial court judge. Accordingly, the sixth assignment of error is not well taken.

For the foregoing reasons, the fourth and fifth assignments of error are sustained, the remaining assignments of error are overruled, the judgment of the Franklin County Common Pleas Court is reversed and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.