YOUR FINANCIAL COMMUNITY OF OHIO, INC., Appellee,

v.

EMERICK, Appellant.

[Cite as *Your Financial Community of Ohio, Inc. v. Emerick* (1997), 123 Ohio App.3d 601.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE04–501.

Decided Oct. 21, 1997.

602

*Alden & McVay Co., L.P.A., Randolph W. Alden* and *Matthew L. Alden,* for appellee.

*Isaac, Brant, Ledman & Teetor, Timothy E. Miller* and *David W. Orlandini,* for appellant.

LAZARUS, Judge.

Defendant-appellant, Michael Emerick, appeals from a judgment of the Franklin County Court of Common Pleas overruling his Civ.R. 60(B) motion for relief from judgment without the benefit of an evidentiary hearing. Because appellant's memorandum in support of his motion alleged sufficient operative facts to warrant an evidentiary hearing, we reverse.

On June 28, 1995, plaintiff-appellee, Your Financial Community of Ohio, Inc., filed a complaint demanding judgment against appellant on a cognovit note. The note was dated July 2, 1990, had a face value of $32,500, bore an interest rate of ten percent per year, and stated that the principal and interest were payable

according to an attached schedule. The same day, the trial court entered judgment against appellant for $35,208.40.

On July 24, 1995, appellant filed the first of two Civ.R. 60(B) motions for relief from judgment. The motion alleged (1) that the judgment erroneously included interest accrued from September through December 1994 and that appellant had paid that interest and (2) that the note had been modified by oral agreement such that "the note" was not due and payable until certain real estate was sold. The motion did not request an evidentiary hearing and was not accompanied by any affidavit or other evidentiary materials. On September 20, 1995, the trial court overruled the motion, stating:

"Here Emerick's conclusory assertions include Financial's failure to correctly calculate interest on the debt owned [*sic*] and an oral agreement which negates the ripeness of the promissory note. No affidavits, depositions, answers to interrogatories, exhibits or any other relevant material is attached to Emerick's Memorandum which could or would substantiate these assertions. * * * "

The record contains no indication that the clerk of courts served the parties with notice of the trial court's September 20, 1995 judgment as required by Civ.R. 58(B).

On March 26, 1996, appellant filed the second Civ.R. 60(B) motion, raising issues and asserting facts that were or could have been raised in the first Civ.R. 60(B) motion. The trial court overruled the motion with a decision on July 16, 1996, and a judgment entry on August 12, 1996. Appellant appealed from this judgment overruling the second Civ.R. 60(B) motion. This court affirmed in *Your Financial Community of Ohio, Inc. v. Emerick* (Mar. 4, 1997), Franklin App. No. 96APE08–1035, unreported, 1997 WL 101665, on the ground that the doctrine of *res judicata* barred appellant from asserting the same arguments in a second Civ.R. 60(B) motion. This court also denied appellant's application for reconsideration. On April 10, 1997, appellant filed a notice of appeal from the trial court's September 20, 1995 judgment overruling his first Civ.R. 60(B) motion.

 Appellee has filed a motion to dismiss this appeal on the ground that the notice of appeal was not filed within the thirty-day appeal period of App.R. 4(A). If service of notice of the judgment is made within the three-day period of Civ.R. 58(B), the thirty-day appeal period is deemed to have begun running on the date of the judgment. App.R. 4(A); see *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 431, 619 N.E.2d 412, 414–415. If an appellant is never served with notice of the judgment as required by Civ.R. 58(B), the thirty-day appeal period never begins to run. See *Lipscomb v. London Correctional Inst.* (1994), 96 Ohio App.3d 245, 247, 644 N.E.2d 1079, 1080–1081; *Natl. Church*

*Residences of Worthington v. Timson* (1992), 78 Ohio App.3d 798, 801, 605 N.E.2d 1346, 1347–1348; *Britford v. Duncan* (Nov. 12, 1993), Franklin App. No. 93AP–385, unreported, 1993 WL 473266; see, also, *Welsh v. Tarentelli* (1992), 76 Ohio App.3d 831, 834, 603 N.E.2d 399, 400–401 (decided on law prior to adoption of Civ.R. 58[B] ). The docket in this case lacks an entry indicating that the court clerk served notice on the parties, the record does not reveal any evidence of service, and apparently no service was effected within the three-day period of Civ.R. 58(B). Therefore, the thirty-day appeal period never began running, and appellant's April 10, 1997 notice of appeal from the trial court's September 20, 1995 judgment overruling the first Civ.R. 60(B) motion was timely.

Appellant asserts one assignment of error:

"The trial court abused its discretion in overruling appellant's Civ.R. 60(B)(5) motion for relief from the cognovit judgment or, in the alternative, for failing to hold an evidentiary hearing where appellant timely filed his application with the trial court and alleged sufficient operative facts demonstrating a valid defense to the claim."

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. "The question of whether relief should be granted is addressed to the sound discretion of the trial court." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. Generally, the question of whether to conduct an evidentiary hearing on a Civ.R. 60(B) motion is also addressed to the sound discretion of the trial court. *Schafer v. Continental Airlines, Inc.* (1989), 62 Ohio App.3d 855, 857, 577 N.E.2d 715, 716; *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 294, 27 OBR 338, 338–339, 500 N.E.2d 924, 925–926.

Appellant's first Civ.R. 60(B) motion alleged two defenses: that the judgment erroneously included interest that had been paid and that the note had been modified by oral agreement such that "the note" was not due and payable. If true, appellant's allegations constitute meritorious defenses satisfying the first prong of the *GTE* test.

Payment is a meritorious defense to a claim on a cognovit note. See *Cautela Bros. v. McFadden* (1972), 32 Ohio App.2d 329, 332, 61 O.O.2d 506, 507–508, 291 N.E.2d 539, 541. The existence of a meritorious defense as to part of a claim on a cognovit note is sufficient. See *Matson v. Marks* (1972), 32 Ohio App.2d 319, 323, 61 O.O.2d 476, 478, 291 N.E.2d 491, 495 (referring to "a valid

defense to all or part of the claim"); *Ensley v. Alexander Leasing Corp.* (Dec. 14, 1982), Stark App. No. CA–5934, unreported. Therefore, partial payment is a meritorious defense. See *Lewandowski v. Donohue Intelligraphics, Inc.* (1994), 93 Ohio App.3d 430, 433, 638 N.E.2d 1071, 1072–1073.

■ Generally, a cognovit note is subject to the general rule that written contracts may be modified by oral agreement, and modification is a meritorious defense to a claim on a cognovit note. See *Resolution Trust Corp. v. J.B. Centron Dev. Co.* (1993), 92 Ohio App.3d 643, 647, 637 N.E.2d 23, 26. Therefore, appellant has satisfied the first prong of the *GTE* test.

■ "[T]he existence of a valid defense to all or part of the claim constitutes a ground for relief from a cognovit judgment entered by confession upon a warrant of attorney without prior notice to the defendant." *Matson, supra,* 32 Ohio App.2d at 323, 61 O.O.2d at 478, 291 N.E.2d at 495; accord *Meyers v. McGuire* (1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542, 543–544 (citing *Matson*); *Davidson v. Hayes* (1990), 69 Ohio App.3d 28, 31, 590 N.E.2d 18, 19–20 (same); *Diversified Equities v. Finesilver* (Mar. 8, 1990), Cuyahoga App. No. 58125, unreported, 1990 WL 20875. Therefore, the second prong of the *GTE* test is also satisfied.

The third prong of the *GTE* test is satisfied because the motion was filed twenty-six days after the judgment, within a reasonable time.

■ Appellee argues that appellant waived any right to an evidentiary hearing by failing to request one, as required by Local Rule 21.01 of the Franklin County Court of Common Pleas General Division, which provides:

"Rule 21—Hearings and Submission of motions

"21.01 All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. * * * Oral hearings on motions are not permitted except upon leave of the Trial Judge upon written request by a party. * * * Except as otherwise provided, this Rule shall apply to all motions."

This court rejected this argument in *Matson, supra,* 32 Ohio App.2d at 326, 61 O.O.2d at 480, 291 N.E.2d at 496–497, holding that when an evidentiary hearing is required under Civ.R. 60(B), Loc.R. 25.01 (the substantially similar predecessor to the current Loc.R. 21.01) is inapplicable.

■ Appellee contends that, even if appellant's motion would otherwise satisfy the *GTE* test for Civ.R. 60(B) relief, appellant has failed to meet its burden of production of evidence, having (1) failed to state more than conclusory assertions of grounds for relief, and (2) failed to submit any evidentiary materials in support of the motion. As to the first argument, we conclude that appellant's memorandum in support of the motion contains sufficiently specific allegations of

fact. As to the second argument, appellant's motion and memorandum entitle him to an evidentiary hearing despite his failure to submit evidentiary materials.

Neither Civ.R. 60(B) nor any decision from the Supreme Court of Ohio requires a movant to submit evidentiary materials in support of the motion. However, in its motion or memorandum in support, a movant must do more than make bare allegations of entitlement to relief. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, 1104–1105; *Rose Chevrolet, supra,* 36 Ohio St.3d at 20–21, 520 N.E.2d at 566–567. A movant "must enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Id.,* 36 Ohio St.3d at 21, 520 N.E.2d at 567.

Appellant's memorandum in support of his first Civ.R. 60(B) motion stated:

"The Defendant asserts two meritorious defenses to this action. The first defense is based upon the allegation that interest is incorrectly calculated. The Complaint and Judgment Entry award interest beginning in September of 1994. The Defendant maintains that all interest was paid current on the Note through December 31, 1994.

"The second defense is based on an oral agreement modifying the Promissory Note so that the Note was not due and payable in full until certain real estate owned by a partnership known as YFC Income Properties I was sold. * * * At the time of the execution of the cognovit note Mike Costanzo, Sue Timmerman and Mike Emerick were directors, officers or shareholders of Your Financial Community of Ohio, Inc. and also were general partners in a partnership known as YFC Income Properties I, an Ohio General Partnership. This partnership purchased and still owns a 49.8 acre tract of real estate located in Delaware County on Seldom Seen Road. All three partners as controlling shareholders of Your Financial Community of Ohio, Inc. agreed that the cognovit notes would not be due and payable in full until the sale of the 49.8 acres. That property has not yet been sold. All three individuals named above borrowed $32,500.00 from Your Financial Community of Ohio, Inc. and signed a similar cognovit note. * * * "

These allegations are specific allegations of fact, not "bare allegations of entitlement to relief."

Appellee further argues that even if appellant has made sufficiently specific allegations of fact constituting a meritorious defense, the trial court cannot be held to have abused its discretion because appellant failed to submit any evidentiary materials in support of those allegations. Although the Supreme Court in *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d at 20, 665 N.E.2d at 1104–

1105, stated that a Civ.R. 60(B) movant is not required to submit evidentiary materials, the courts of appeals are divided on the question of whether a trial court can be held to have abused its discretion in overruling a Civ.R. 60(B) motion when no evidentiary materials have been submitted.

This court has adopted a rule that when a Civ.R. 60(B) motion, though unsupported by evidentiary materials, sets forth with sufficient specificity facts that, if true, would justify relief, the trial court abuses its discretion if it overrules such a motion without *sua sponte* conducting an evidentiary hearing. See *Matson, supra,* 32 Ohio App.2d at 324–328, 61 O.O.2d at 479–481, 291 N.E.2d at 495–498; *In re Wood* (Aug. 12, 1997), Franklin App. No. 97APE01–77, unreported, 1997 WL 467338; *Buckeye Fed. S.&L. Assn. v. Guirlinger* (June 26, 1990), Franklin App. No. 89AP–1322, unreported, 1990 WL 86807 ("Although a mere allegation does not entitle a defendant to relief, a court cannot overrule a motion for relief without a factual determination concerning the ground or grounds for relief."); see, also, *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136, 138 ("It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts."); *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 164, 631 N.E.2d 1120, 1124 (quoting *Matson*); *Namaco Industries v. Famous Brands Mattress* (June 7, 1994), Franklin App. No. 93APG10–1456, unreported, 1994 WL 250200 ("It is an abuse of discretion for a trial court to overrule a Civ.R. 60[B] motion for relief from judgment without first holding an evidentiary hearing if the motion and/or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60[B]."); *Reaper v. Plaza Properties, Inc.* (May 12, 1994), Franklin App. No. 93APE09–1222, unreported, 1994 WL 183638 ("This court has long recognized that, if the movant alleges operative facts which, if true, would warrant setting aside the judgment, then it is an abuse of discretion to overrule a motion for relief from judgment without a hearing and without first making a factual determination of the alleged grounds for relief."); *Richard Hart Printing v. Design Collective, Inc.* (June 28, 1990), Franklin App. No. 89AP–1113, unreported, 1990 WL 93853 ("There is nothing in Civ.R. 60[B], however, which requires the tender of an answer. If the motion includes the necessary facts and defenses, it is sufficient.").

The rule adopted by this court is especially suited to situations in which the judgment from which relief is sought is a cognovit judgment because "collateral attacks upon such judgments traditionally have been freely permitted." *Meyers, supra,* 80 Ohio App.3d at 646, 610 N.E.2d at 543–544; accord *Lewandowski, supra,* 93 Ohio App.3d at 432, 638 N.E.2d at 1072 (quoting *Meyers*).

We disagree with appellee's suggestion that *Kay, supra,* stands for the proposition that a trial court cannot be held to have abused its discretion in denying a hearing only because the movant failed to submit evidentiary materials. *Kay* states: "[T]he trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Id.,* 76 Ohio St.3d at 19, 665 N.E.2d at 1104. In *Kay,* the movant had submitted three affidavits in support of its allegations. Therefore, the Supreme Court was not addressing a situation in which the factual allegations are not supported with evidentiary materials. The controlling precedents in this case are *Matson* and *Wood,* in which this court addressed that situation.

Because the memorandum in support of appellant's first Civ.R. 60(B) motion alleged sufficiently specific operative facts that, if true, would warrant relief from judgment, the trial court abused its discretion by overruling the motion without *sua sponte* conducting an evidentiary hearing. Because there are no evidentiary materials of record to support appellant's motion, however, appellant is not entitled to Civ.R. 60(B) relief as a matter of law.

For the foregoing reasons, the assignment of error is sustained in part and overruled in part; the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part; and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Motion to dismiss overruled;*
*judgment reversed*
*and cause remanded.*

PETREE and JOHN C. YOUNG, JJ., concur.