Plaintiff-appellant, Diane Jackson, appeals from the July 31, 1998 decision and entry denying her motion for relief from judgment. For the reasons that follow, we affirm the judgment of the trial court.
On November 25, 1997, appellant filed a claim for legal malpractice against defendant-appellee, Charles J. Blum. In her complaint, appellant alleged that appellee failed to file a personal injury action on her behalf against Family Dollar Stores prior to the expiration of the statute of limitations.
On November 27, 1997, the Ohio Supreme Court suspended appellant's counsel in the malpractice action from the practice of law. Columbus Bar Assn. v. Elsass(1997), 80 Ohio St.3d 1456. On December 3, 1997, appellant's counsel filed a notice of disqualification with the trial court and requested the trial court to "continue any pending matters to allow the Plaintiff an ample opportunity to obtain new counsel and defend herself in this action." Although aware that her counsel had to withdraw, appellant stated in her affidavit that she was "unsure how to proceed as I am not acquainted with legal matters." Appellant did not hire new counsel.
Sometime after the first of the year, appellant moved from Hamilton Avenue in Columbus to East 13th Avenue in Columbus. She did not apprise the trial court of her new address. On January 9, 1998, appellee served appellant with his answer. The answer was mailed to appellant at 247 1/2 Hamilton Ave., Columbus, Ohio 43203, and was not returned by the postal service.
On February 13, 1998, appellee filed a motion for summary judgment. Several weeks later, the motion was returned by the post office showing a failure of delivery for "Attempted, Not Known."
On March 24, 1998, the trial court granted the motion for summary judgment and terminated the case. Appellant did not receive the decision of the trial court or its notice indicating it was a final appealable order.
In April of 1998, appellant's counsel was reinstated to the practice of law and, on June 23, 1998, filed a motion for relief from judgment. In the affidavit attached to her motion, appellant stated that she had moved; that she knew her counsel had to withdraw; that she was unsure how to proceed; that she was aware that appellee had failed to protect her interests in her personal injury matter; that she never received the motion for summary judgment or the trial court's decision; that she was unaware of the motion for summary judgment and the trial court's decision until her counsel checked into the matter; and that she believed that she had a valid defense and excusable error which entitled her to have the trial court set aside the judgment.
Appellee filed a memorandum contra in which he asserted that appellant had failed to demonstrate either excusable neglect or a meritorious claim. The trial court agreed and denied the motion. Although timely filed, the trial court found that appellant had failed to set forth a meritorious defense and had failed to show excusable neglect.
Appellant appealed the judgment of the trial court, assigning as error the following: "The trial court erred in not granting plaintiff's Rule 60(B) request for relief and setting aside the court's previous judgment."
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time.GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. Coulson v.Coulson (1983), 5 Ohio St.3d 12.
The question of whether relief should be granted is addressed to the sound discretion of the trial court, and appellate review of a denial of a Civ.R. 60(B) motion is under the abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20; Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19.
Here it is uncontroverted that appellant's motion was timely. The parties' dispute centers on the remaining two GTE factors: (1) whether the trial court abused its discretion in concluding that appellant had failed to allege operative facts sufficient to show a meritorious claim if relief were granted; and (2) whether the trial court abused its discretion in concluding that appellant's failure to secure new counsel or take any other action during the pendency of her attorney's suspension constituted excusable neglect.
With respect to appellant's contention that she had a meritorious claim, appellee had presented evidence in his motion for summary judgment that he had conducted an investigation into the liability and injury aspects of appellant's negligence claims against Family Dollar Stores. Appellee stated in his affidavit that he had determined there was no merit to any aspect of appellant's claim and that he had fully advised appellant of his findings well before the running of the statute of limitations.
In order to obtain relief from judgment, appellant needed to allege operative facts tending to show that she had a meritorious claim, or that a genuine issue of material fact existed so as to defeat summary judgment. If appellant alleged operative facts, which, if true, would warrant setting aside the judgment, then it is an abuse of discretion to overrule a motion for relief from judgment without a hearing and without first making a factual determination of the alleged grounds for relief. Your Financial Community of Ohio, Inc. v. Emerick
(1997), 123 Ohio App.3d 601. The allegations must be specific allegations of fact and not bare allegations of entitlement to relief. Kay, supra, at 20. A movant "must enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interest of justice demand the setting aside of a judgment normally accorded finality." Id. at 21.
Here, appellant failed to allege any facts tending to show that her attorney failed to communicate with her or otherwise erred in his representation of her. If appellant's claim was without merit, as appellee stated in his motion for summary judgment, appellee was under no obligation to file a frivolous lawsuit before the running of the statute of limitations. Appellant, however, failed to allege any facts in conflict with appellee's affidavit. Appellant merely stated in her affidavit attached to her motion for relief from judgment that: "I am aware that Defendant Charles Blum failed to protect my personal injury matter for an eye injury I suffered and for which I continue to seek medical treatment." This allegation is insufficient to show that appellant could have defeated summary judgment against appellee, given the facts alleged in appellee's motion for summary judgment.
With respect to her claim of excusable neglect, the trial court found that "although plaintiff might not have known exactly what action to take upon the dismissal of her attorney from the practice of law in Ohio, her total inaction does not classify as 'excusable neglect.' " In light of appellant's admission that she took no action at all upon the disqualification of her counsel, it was not an abuse of discretion for the trial court to find that appellant failed to show she was entitled to relief under Civ.R. 60(B). The assignment of error is not well-taken.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.